BRODIE *v.* FITZGERALD.

Opinion delivered March 25, 1893.

*Exemption from taxation—Buildings and grounds used for public charity.*

> The fact that the rents and revenues of certain real estate are devoted to purposes of public charity will not exempt such property from taxation, under sec. 5 of act 16 of the constitution, which provides that "buildings and grounds and material used exclusively for public charity" shall be exempt from taxation; it is only when the property itself is actually and directly used for charitable purposes that the law exempts it from taxation.

Appeal from Pulaski Chancery Court.

DAVID W. CARROLL, Chancellor.

*Geo. W. Caruth* and *Chas. P. Roberts* for appellants.

All property is subject to taxation unless specially exempted by law.    Taxation is the rule—exemption the exception.    The property does not come within the exception unless *used exclusively* for public charity.    42

Ark. 536. Mr. Desty, in his work on Taxation, lays down the true rule (p. 119) : "The fact that the rents and revenues * * * are devoted to charitable purposes * * * will not exempt the property. It is only where the property itself is actually and directly used for charitable purposes that the law exempts it." See also 26 Ill. 482; 8 Kas. 344 ; 2 Cush. 611; 38 Ind. 3; 4 Ind. 86; 1 Met. 538; 4 Zabr. 497; 17 Mo. 335; 46 Iowa, 275 ; 106 Ill. 398 ; 9 La. An. 198.

*Blackwood & Williams* for appellee.

The property is exempt under sec. 5, art. 16, const. 1874, and Mansf. Dig. sec. 5597. The language as to public charities is broader than that used in reference to churches, colleges, etc., and includes all *buildings belonging* to such institutions and all *moneys and credits* appropriated solely to sustaining and belonging exclusively to such institutions. See 105 U. S. 365 ; 120 Penn. St. 62; 14 Allen (Mass.), 556; 125 Penn. St. 572; 12 N. Y. Supplement, 307 ; 25 Atl. Rep. 55 ; 42 Ark. 536 ; 17 S. W. Rep. 212, 215 ; 9 Law. Rep. An. 199; 9 La. An. 585; 37 *id.* 68 ; 33 *id.* 851 ; 28 *id.* 512.

HUGHES, J. This is an appeal from a judgment of the Pulaski chancery court overruling a demurrer to a complaint filed by the appellee seeking to restrain the appellant from extending the State, county and city taxes on lots described in the complaint situated in the city of Little Rock, in this State, which had been assessed for taxation by the assessor of the county for the year 1891, and to restrain the appellant, as such county clerk, from issuing his warrant to the collector of taxes on said lots so long as the same may be used for public charity.

The complaint alleges that Alexander Hager bequeathed the property in trust to the appellee to establish and maintain in the city of Little Rock a free hos-

pital for the purpose of affording relief to such poor sick people as may apply for its benefits under rules and regulations thereafter to be made ; that the hospital contemplated by the will of Mr. Hager had been established, and is now being maintained in said city ; that said hospital is used exclusively for public charity ; that while certain persons, able to pay for board, nursing, etc., do pay, such payments are covered into the hospital fund to be expended in the support of charity patients ; that the Sisters of Charity and Mercy, who manage and operate said hospital, are only paid such wages as are usually paid to domestics in private families ; that the real estate mentioned is all improved, and rented for residences and a mill to different parties, and that the rents are used exclusively for the maintenance of said hospital in the manner above set forth ; that the rents arising from said property compose the major part of the fund for keeping up said hospital, and is almost the sole permanent endowment thereof ; that the buildings, grounds and materials are used exclusively for public charity, and are, under the constitution of the State, exempt from taxation.

The grounds of the demurrer to the complaint are that it does not state facts sufficient to constitute a cause of action.   The court decreed a perpetual injunction, so long as the rents are used exclusively for charitable purposes.

Section 5 of article 16 of the constitution provides that "buildings and grounds and materials used exclusively for public charity" shall be exempt from taxation. Section 6 provides that "all laws exempting property from taxation other than as provided in this constitution shall be void."   It follows that if this property is not exempt from taxation under the constitution, it cannot be exempt under any act of the general assembly, as the

section last quoted is a limitation upon the power of the legislature to exempt property from taxation.

" Taxation is an act of sovereignty to be performed, so far as conveniently can be, with justice and equality to all, and exemptions, no matter how meritorious, are acts of grace, and must be strictly construed, and every reasonable intendment must be made that it was not the design to surrender the power of taxation, or to exempt any property from its due proportion of the burden of taxation." 1 Desty on Taxation, p. 80, and cases cited ; *St. L., I. M. & S. Ry. Co.* v. *Loftin*, 30 Ark. 693; *Tucker* v. *Ferguson*, 22 Wallace (U. S.), 527; *County Commissioners* v. *Sisters of Charity*, 48 Md. 38. "As taxation is the rule, and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous terms ; and it can not be taken to have been intended when the language of the statute on which it depends is doubtful or uncertain." Cooley on Taxation, 204, 205, also pp. 69 and 70; *Appeal Tax Court* v. *Rice*, 50 Md. 302.

The guarded language of the constitution describing the property to be exempted as "buildings and grounds and materials used exclusively for public charity" leaves no room for doubt that it was not the intention to exempt any other property from taxation, save such as is used exclusively for public charity, and that the exemption cannot be extended to property leased or rented and from which revenue is derived, though the same be applied solely to support the charity. This view is supported by all the authorities, we think, when properly understood, so far as our examination has extended.

The cases that are referred to in the brief of counsel for appellee as holding otherwise are cases where the language of the constitution or the statute making the exemption covered the property for which exemption was

claimed, or where, in the character of the corporation claiming the exemption, there was provision making the exemption, which was held to be a contract protected by the constitution of the United States. Such were the cases of *New Orleans Asylum* v. *Houston*, 37 La. An. 68, and *St. Anna's Asylum* v. *New Orleans*, 105 U. S. 365.

Under our constitution the rule stated by 1 Desty on Taxation, p. 119, applies. It is as follows : '' The fact that the rents and revenues of a property owned by a charitable corporation are devoted to the purposes for which the corporation was organized, will not exempt such property from taxation. It is only when the property itself is actually and directly used for charitable purposes that the law exempts it. from taxation.'' Other cases bearing on the question here involved are : *New Orleans* v. *St. Patrick's Hall*, 28 La. An. 512 ; *Northwestern University* v. *People*, 80 Ill. 333 ; *Tucker* v. *Ferguson*, 22 Wallace, 527 ; *Pierce* v. *Cambridge*, 2 Cushing, 611 ; *Proprietors* v. *Lowell*, 1 Met. 538 ; *County Commissioners* v. *Sisters of Charity*, 48 Md. 34 ; *Appeal Tax Court* v. *St. Peter's Academy*, 50 Md. 343.*

The decree is reversed, and the complaint is dismissed.

---

* NOTE.—See also *Book Agents of the Methodist Episcopal Church, South,* v. *Hinton,* 19 L. R. A. 289 and note.   (Rep.).