CHARLES F. CURTIS, Collector,

*vs.*

ANDROSCOGGIN LODGE, No. 24,
INDEPENDENT ORDER OF ODD FELLOWS.

Androscoggin.    Opinion December 12, 1904.

*Taxes.    Exemptions.    Beneficial Associations.    R. S. 1903, c. 9, § 6, Par. II.*

The real estate of a benevolent and charitable institution incorporated by the state, consisting of a building, and the land upon which it sits, designed for use by it for its own purposes, and a substantial use of all of which is made by the institution for its own purposes in good faith, is exempt from taxation under R. S., c. 9, § 6, Par. II, notwithstanding the occupation by the institution may not be exclusive, and the owner may sometimes allow other associations and individuals to use some portions of the property for a rental, when it can be done without interfering with the use of the same by the owner for its own purposes.

The occupation contemplated by the statute must undoubtedly be an actual occupation, and something more is required than that which results merely from ownership and possession on the part of the institution, or from the use of the property for investment purposes.

There may be cases where the use of the property of such an owner for other purposes is of such a dominant character, and the occupation by the owner for its own purposes is so incidental and trivial, or where the use of the property by the owner for its own purposes is so plainly an attempt to evade taxation, the substantial use and occupation being for other purposes, that such occupation would not be sufficient to make the property exempt from taxation under our statutes.

It follows that the decision of the question as to whether or not the use and occupation by such an association, for its own purposes, of its property are sufficient to bring it within the exemption of the statute must depend upon the particular facts of each case. It is considered by the court in this case that the occupation of the property by the defendant is sufficient to bring it within the exemption of the statute.

Agreed statement.    Judgment for defendant.

Action of debt brought by Charles F. Curtis, Collector of Taxes for the City of Auburn, to recover from the defendant lodge certain taxes assessed thereon for the year 1903, and for which the said

lodge claims an exemption.    The writ was entered at the April term
of the Supreme Judicial Court for Androscoggin County, and by
agreement, reported for the decision of the Law Court.

The case is stated in the opinion.

*Reuel W. Smith,* for plaintiff.

*H. W. Oakes, J. A. Pulsifer and F. E. Ludden,* for defendant.

SITTING:  WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE,
PEABODY, SPEAR, JJ.

WISWELL, C. J.    In this action by a tax collector to recover a
tax assessed upon the real estate of the defendant, the only question
presented by the agreed statement of facts, upon which the case comes
to the law court, is, whether or not this real estate is exempt from
taxation under the provisions of R. S., c. 9, § 6, paragraph II.
By this paragraph, "the real and personal property of all benevolent
and charitable institutions incorporated by the state," is exempt from
taxation, but, by the same section of the paragraph, "so much of the
real estate of such corporations as is not occupied by them for their
own purposes, shall be taxed in the municipality in which it is sit-
uated."

It is agreed that the defendant, the owner of the real estate taxed,
is a benevolent or charitable institution within the meaning of the
language quoted from this section, and that the property is exempt
from taxation unless it comes within the exception to this exemption,
that so much of the real estate of such corporations "as is not occu-
pied by them for their own purposes shall be taxed in the municipal-
ity in which it is situated."    With respect to the character, situation
and occupation of the real estate in question, the following facts
appear from the agreed statement:    The real estate in question con-
sists of a three story building owned and occupied by defendant; in
the lower story of the building there is a large room fitted up as a
hall with a small kitchen connected, a small room known as a parlor
and another room known as a dressing room; on the second floor
there is a lodge room, with anterooms, designed especially for use by
the defendant as a lodge room; and on the third floor there is one

large room used principally as a smoking room in connection with the lodge room. The building is heated by steam throughout supplied from the basement, and is in the care of a janitor employed and paid by the defendant.

The agreed statement contains also the following: "The defendant occupies all of the building for its own purposes, using it whenever required. It holds regular weekly meetings in the lodge hall on the second floor, using the lodge hall and the anteroom connected with it, and the third floor; and at such times as are convenient, uses also the hall on the first floor and the rooms on the first floor for its other meetings from time to time as it may have occasion. But it lets the lodge hall and the anterooms to associate branches of the Odd Fellows, viz: The Rebecca Lodge and the Odd Fellows Encampment, for their regular meetings, and to Christian Scientists, Sundays, for a meeting in the forenoon, for which it receives a rental; and it lets the hall on the first floor with the other rooms, from time to time, as they may be desired by other parties satisfactory to the defendant, and receives pay for such letting. A single room in the second story is also let for two hours a day to the Christian Scientists. The furniture and fixtures throughout the building belong to the defendant corporation, and the entire building is at all times under its control, subject only to use as above stated. Light, as well as heat, is provided by the defendant when any part of the building is let as aforesaid."

It is evident that this real estate does not come within the literal meaning of the exception to the exemption. There is no part of the building which is not used by the defendant for its own purposes. It is expressly agreed that "the defendant occupies all of the building for its own purposes." But it is not the exclusive occupant, and the plaintiff claims that the meaning of this clause of the paragraph is the same as if it read, "so much of the real estate of such corporations as is not exclusively occupied by them for their own purposes, shall be taxed," etc. But the legislature did not say this. If this had been its intention the adoption of one more word would have made such meaning clear, and we cannot believe that if this had been the intention of the legislature, this one word, which would

have made the intention beyond all question, would have been omitted. And for other reasons we are of the opinion that it was not the intention of the legislature that only the real estate of such benevolent and charitable institutions as is occupied by them exclusively should be exempt from taxation.

The purpose and meaning of this exception seems to us obvious. It frequently happens that such an institution desires to erect or to purchase a building which will afford accommodations for its own uses and purposes, but at the same time it is considered desirable, for economical and financial reasons, that the building should contain other space that could be used and rented for stores and for other commercial purposes, the rent of which would help to pay the cost of maintenance and the interest upon the investment; and the purpose of the legislature in making this exception to the general exemption, was, we think, that such portions of the building as were intended to be used and were used for other purposes, commercial or otherwise, should not be subject to this exemption, but should bear its just proportion of the burden of taxation. An illustration of a situation of this kind is found in *Auburn* v. *Young Men's Christian Association*, 86 Maine, 244, where a portion of the defendants' real estate was let for a boarding house, and other portions for stores, and were not at all occupied by the defendant for its own purposes. And a similar situation existed in *Foxcroft* v. *Piscataquis Camp Meeting Association*, 86 Maine, 78, where a portion of the real estate of the defendant, a religious association, was not needed or used by the defendant for its own purposes, and consequently was let for uses and purposes entirely alien to those of the association.

The occupation contemplated by the statute must undoubtedly be an actual occupation, and something more is required than that which results merely from ownership and possession on the part of the institution, or from the use of the property for investment purposes. *Phillips Academy* v. *Andover*, 175 Mass. 118. The decision of this question must undoubtedly depend very largely upon the facts and circumstances of each case. There may be cases where the use of the property of such an owner for other purposes is of such a dominant character, and the occupation by the owner for its own pur-

poses is so incidental and trivial, or where the use of the property by the owner for its own purposes is so plainly an attempt to evade taxation, the substantial use and occupation being for other purposes, that such occupation would not be sufficient to make the property exempt from taxation under our statutes.

What we decide is simply this, that where a building of such an association is designed for use by it for its own purposes, and a substantial use is made of all of the building by the association for its own purposes, in good faith, the property is exempt from taxation under our statutes, notwithstanding such occupation may not be exclusive, and the owner may sometimes allow other associations and individuals to use some portions of the property for a rental, when it can be done without interfering with the use of the same by the owner for its own purposes.

The decisions of courts of other states, in construing somewhat similar exemption statutes of their state, are not of much assistance, since the result depends entirely upon the construction of the particular language of our own statute, but a discussion of the general subject and a construction of statute more or less similar to ours, but still differing in important particulars, may be found in the following cases. *First Society of Hartford* v. *Hartford*, 66 Conn. 368; *Saint Mary's Church* v. *Tripp*, 14 R. I. 307; *Salem Lyceum* v. *Salem*, 154 Mass. 15; *Harvard College* v. *Assessors of Cambridge*, 175 Mass. 145.

In accordance with the stipulation of the report, the entry will be,
*Judgment for defendant.*