Hot Springs School District *v.* Sisters of Mercy of the Female Academy of Little Rock, Arkansas.

Opinion delivered December 9, 1907.

Taxation—exemption of property used for public charity.—A hospital building, with the grounds connected therewith, which is used in the operation of a public charity is not excluded from the constitutional exemption from taxation of buildings and grounds "used exclusively for public charity" merely because patients who are able to do so pay for the attention and medicine which they receive, if the profits derived therefrom are used to promote the charitable objects of the institution.

Appeal from Garland Circuit Court; *Alexander M. Duffie,* Judge; affirmed.

STATEMENT BY THE COURT.

This is an appeal from a judgment of the circuit court of Garland County, which held that the hospital buildings and grounds upon which it is situate, in the city of Hot Springs, come within the exemption of the Constitution, and are not subject to taxation.

Among the exemptions from taxation contained in the Constitution are: "Buildings and grounds and materials used ex-

clusively for public charity." Const. 1874, art. 16, § 5. The evidence shows that in the hospital there is one large room with ten or twelve beds, and four rooms with three beds in each especially for charity patients; that there are other rooms for patients who pay; that the institution is open to any worthy sick person not afflicted with a contagious or infectious disease; no one being refused on account of religious belief or inability to pay. A drug store is maintained in which prescriptions are filled and medicine furnished for those in the house. Those who are able pay for articles got at the drug store; those who are not able are furnished free. None are ever refused, whether they have money or not. A free operating room and a free clinic are maintained in the hospital, and the drug store furnishes bandages and anæsthetics, and fills prescriptions for them. The institution also maintains a school for nurses. It employs, at a salary, an educated nurse and instructor in nursing from Chicago; and also employs a number of girls who are instructed in nursing by her and by the doctors at the clinic, and who assist in nursing the patients. At the time of the trial there were eight girls in the training school, besides the teachers. None of these sisters receive any compensation. All money received from any source goes to maintain the institution. They had originally a small frame hospital, a gift to the order about twenty years ago, and they have recently erected a large and expensive building, partly through donations and partly through borrowed money; and whatever surplus money might arise from any source would go to pay this loan. No funds are diverted from that institution, and it in no sense involves an idea of profit to anyone. Whatever profit is realized from those who pay goes to the benefit of those who can not pay, and to extend and enlarge the charity done there.

The articles of association or incorporation are not in the transcript, but it is a matter of general information, and the evidence shows, that the Sisters of Mercy are a benevolent and charitable organization, to teach the young, to nurse the sick and take care of the indigent and poor. It has no aim of gain or profit, and whatever it receives from any source is expended in promoting its primary objects.

*Wood & Henderson,* for appellant.

The undisputed facts show that the property in controversy was not being used *exclusively* for public charity, and was not intended to be so used. It does not, therefore, come within the provisions of the Constitution exempting such property from taxation. Art. 16, § 5, Const.; 19 L. R. A. 289; 9 *Id.* 629; 50 *Id.* 191; 65 Ark. 343; 62 Ark. 481.

*Greaves & Martin,* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

This institution is a public charity, and as such is exempt from taxation. 14 Allen, 556; 15 Atl. 555; 60 Fed. 365; 120 Mass. 434; 17 Atl. 455; 25 O. St. 229; 38 Am. Rep. 298; 125 Pa. 572; 18 Q. B. Div. 444; 134 Pa. 171; 58 Hun, 386; 99 Vt. 202; 98 N. Y. 121; 145 Mass. 149.

HART, J., (after stating the facts.) The judgment appealed from exempts only the ground upon which the hospital building is situate and the building thereon; and the sole question in the case is, whether or not they are used exclusively for public charity.

Appellant contends that the question is answered in its favor by the rule announced in *Brodie* v. *Fitzgerald,* 57 Ark. 445. That was a case where the rents and revenues and the property itself were used for public charity. The theory upon which framers of constitutions and lawmakers act in exempting from taxation property used purely for public charity is that the unfortunates, who are the recipients of the bounty of these public charities, would become a charge upon the State, and that by alleviating their suffering and relieving their distress the institutions or other agencies organized for the purpose of public charity in a manner assume part of the public burdens. It is well settled that no one can exempt his property from taxation simply by the exclusive use of the income for public charity; for that is a matter which appeals to his own individual spirit of benevolence. It may be given today and withheld tomorrow. But a different rule prevails where the property is directly and exclusively used for that purpose. It is not denied that the whole object of the institution of appellee is one of public charity; but appellant claims that it is not exclusively so used because pay patients are received, and because those able to pay are charged for prescriptions.

In discussing a similar case in *State* v. *Powers Hospital,* 10 Mo. App. 263, the court said: "Does the fact that this institution derives some part of its revenue from paying patients exclude it from the benefits of the  constitutional  exemption from taxation?  We do not see upon what reasonable grounds this can be said.  Suppose that the community in charge of the hospital devoted themselves partly to some kind of manual labor, shoemaking for instance, in order to raise money for the purpose of furnishing medicine and necessaries and comforts to their patients, would not this be a charitable act?  If they devote themselves partly to the care of paying patients, to defray the expenses of attendance upon the poorer patients who can not pay, this is surely an act of charity.  Must we hold that if the community raise money purely by begging, their purposes are purely charitable; but if they work to support themselves whilst ministering to the sick, and to support the sick to whom they administer, the character of the charity is impaired?  *  *  * The fact of receiving money from some of the patients does not, we think, at all impair the character of the charity, so long as the money thus received is devoted altogether to the charitable object which the institution is intended to further."

In the case of *County of Hennepin* v. *Brotherhood of Gethsemane,* 27 Minn. 460, the court said: "A hospital, with the necessary grounds, free to all who are not pecuniarily able, and supported partly by private contributions and partly by fees from patients, but producing no profit, is a purely public charity."

In the case of *Penn. Hospital* v. *Delaware Co.,* 169 Pa. St. 305, the court said: "Property which is used directly for the purpose and in the operation of the charity is exempt, though it may also be used in a manner to yield some return and thereby reduce the expenses."  .

To the same effect, see *Sisters of Charity* v. *Township of Chatham,* 52 N. J. L. 373; *Mount Hermon Boys' School* v. *Gill,* 145 Mass. 149; *Episcopal Academy* v. *Philadelphia,* 150 Pa. St. 574.

One of the witnesses here said that she had been a member of the Sisters of Mercy for forty years, that the whole object of the order was charity, and that their whole life was devoted to it. In response to the question, "This order, the Sisters of Mercy,

what is the general work of the order, and to what do your vows pertain?" she answered, "To the poor and sick and educational." In this case the buildings were constructed and fitted for use solely as a public hospital. The members of the order receive no compensation for themselves. Their earnings and their lives are devoted to charity.

We think the property meets the constitutional requirement of being "buildings and grounds and materials used exclusively for public charity."

Judgment affirmed.