GRAND LODGE OF FREE AND ACCEPTED MASONS *v.* TAYLOR.

## Opinion delivered December 6, 1920.

1. TAXATION—EXEMPTION OF PROPERTY USED FOR CHARITY.—Under Const., art. 16, § 5, exempting "buildings and grounds and materials used exclusively for public charity," a complaint in a suit to restrain the collector from collecting personal property taxes from a masonic lodge, alleging that its funds are derived from initiation fees and annual dues of members, and that its funds are expended for expenses, such as hall rent, purchase of paraphernalia used in conferring degrees, salaries of secretary, etc., and that the remainder is reserved for charity, that the charity of the lodge is not withheld from non-members, but the most of its charity is confined to its own members and their dependents, *held* insufficient when the complaint contains no allegation that the property assessed has been set apart to be "used exclusively for public charity."

2. TAXATION—EXEMPTION OF PROPERTY USED FOR CHARITY.—Whether property is used exclusively for public charity depends not upon the character of the corporation or association owning the property sought to be exempted, but, regardless of the character of the owner, to the direct and exclusive use of the property for public charity.

Appeal from Pulaski Chancery Court, *John E. Martineau,* Chancellor; affirmed.

*Troy W. Lewis,* for appellants; *W. C. Adamson, W. Burt Brooks* and *Grover T. Owens,* of counsel.

Ala. 478; 145 Iowa 514; 26 L. R. A. (N. S.) 696; 124 N.

1. A Masonic lodge is a charitable institution. 37 W. 316; Ann. Cases, 1912 A, 1183.

2. Its property is used exclusively for charitable purposes and under our Constitution is exempt from taxation. Const. (1874), art. 16, § 5; 57 Ark. 445; 84 *Id.* 497; 79 Neb. 462.

3. The demurrer admits the verity of all the allegations contained in the petition.

4. The court erred in sustaining the demurrer to the amended petition which stated facts as to the use of property in sufficient terms to make a clear case of exemption. 25 Ind. 518 and cases *supra.* The property of the lodge is used exclusively for charitable purposes and

is exempt. 1 Cooley, Taxation, p. 348; 57 Ark. 445; 84 *Id.* 497; 81 *Id.* 243; 23 L. R. A. 545; 60 Neb. 642; 72 Me. 432; 50 Md. 421; 68 Tex. 698; 160 Pa. St. 572; 157 Mo. 51; 108 Ky. 333; 92 Tenn. 188; 19 L. R. A. 289. See, also, 43 Ark. 525; 57 *Id.* 445; 87 *Id.* 497; 84 Ark. 500. The property was used exclusively for charitable purposes, and it is so alleged, and it is exempt. Cases *supra;* 11 C. J. 338, § 58; 87 N. E. 602; 96 *Id.* 1032.

*Geo. W. Emerson,* Prosecuting Attorney, and *John W. Newman,* for appellees.

It is not alleged that the property of the lodge is used exclusively for public charity, and is not exempt. 57 Ark. 445-9; 84 *Id.* 497-9; 128 *Id.* 555. Such property as used in this case is not exempt, as it is not used exclusively for charitable purposes.

McCulloch, C. J. Appellant, Western Star Lodge No. 2, Free and Accepted Masons, is a subordinate organization of appellant, Most Worshipful Grand Lodge of Ancient York Rite Masons of the State of Arkansas, a society incorporated by special statute, enacted by the General Assembly of the year 1846. Acts 1846, p. 136.

Appellants instituted this action to restrain the tax collector of Pulaski County from collecting the taxes assessed against the personal property of Western Star Lodge. The contention is that the property of Western Star Lodge is exempted from taxation under a provision of the Constitution, which exempts "buildings and grounds and materials used exclusively for public charity." Article 16, section 5, Constitution of 1874.

The court sustained a demurrer to the complaint. It is alleged in the complaint that the said Grand Lodge was incorporated under the aforesaid statute as a charitable corporation, and that all of the subordinate lodges under its jurisdictions are charitable organizations; that Western Star Lodge derives its revenues exclusively from initiation fees and annual dues of members and from voluntary gifts from its members, and that it expends its funds for expenses, such as hall rent, purchase

of paraphernalia used in conferring degrees, salaries of the secretary and tyler, dues to the Grand Lodge, and occasional luncheons at social meetings, and that the remainder is reserved for charity, dispensed by a committee of the lodge to destitute Masons, and to needy widows and orphans of deceased Masons; that said lodge does not conduct any business nor receive any funds for profit or dividends, and that no member thereof receives any pecuniary benefit from the funds in the treasury except as charity, when in need. It is also alleged that "the charity of the lodge is not withheld from non-members and the dependent families of non-members, and the protection is often extended to them, but the most of its charity is confined to its own members and their dependents."

The complaint contains no direct allegation that the property assessed has been set part to be "used exclusively for public charity." The general allegation to that effect is controlled by, and must be restricted to, the specific facts pleaded. It will be noted that the exemption extends only to "buildings and grounds and materials used exclusively for public charity."

We do not consider it necessary to a decision of this case to define the word "materials," as used in the exemption clause. Nor do we deem it necessary to determine whether the allegations of the complaint are sufficient to characterize appellants as public charitable institutions within the meaning of the Constitution. It is sufficient for a decision of this case to rest it upon the failure of appellants to allege that the property taxed is "used exclusively for public charity." This language of the exemption clause refers, not to the character of the corporation or association owning the property sought to be exempted, but, regardless of the character of the owner, to the direct and exclusive use of the property for public charity.

In *Brodie* v. *Fitzgerald*, 57 Ark. 445, the court said: "The guarded language of the Constitution describing

the property to be exempted as 'buildings and grounds and materials used exclusively for public charity,' leaves no room for doubt that it was not the intention to exempt any other property from taxation save such as is used exclusively for public charity, and that the exemption can not be extended to property leased or rented and from which revenue is derived, though the same be applied solely to support the charity." And in *Hot Springs School District* v. *Sisters of Mercy,* 84 Ark. 497, we said: "It is well settled that no one can exempt his property from taxation simply by an exclusive use of the income for public charity; * * * But a different rule prevails where the property is directly and exclusively used for that purpose." See, also, *School Dist. of Fort Smith* v. *Howe,* 62 Ark. 481, and *Robinson* v. *Indiana & Ark. Lbr. Co.,* 128 Ark. 550.

It follows, therefore, that no cause of action is stated in the complaint, and the chancery court was correct in sustaining a demurrer.

Affirmed.