*701 OPINION.
SteRnhagen :
The sole issue is one of law, namely, whether the bequest of the 1,085 shares as set forth in the codicil is within section 403 (a) (3), Revenue Act of 1921. The respondent has included the undisputed value of the bequest ($1,112,125) within the net estate subject to estate tax and has accordingly determined a deficiency of $113,171.61.
Sec. 403. That for the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—
[[Image here]]
*702 (3) The amount of all brqnests, legacies, devises, or transfers, except bona fide sales for a fair consideration in money or money’s worth, in contemplation of or intended to take effect in possession or enjoyment at or after the decedent’s death, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes. This deduction shall be made in case of the estates of all decedents who have died since December 31, 1917.
Since the issue arises under the Federal revenue act, it must, so far as practicable, be swept clear of confusions in various jurisdictions as to charities, charitable uses and charitable trusts. The historical development, since the Statute of Elizabeth, of the law relating to charitable trusts both in England and the United States has taken place independently of the law relating to taxation. The definitions and implications have arisen out of social and political circumstances having little or no relation to government revenue. In their setting, apart from taxation, they are various and conflicting in different jurisdictions, that which is firmly fixed as a charity in one State being unrecognized in another. Even as to local taxes, the exemptions of each State differ from those of others. See Zollman on Charities; Perry on Trusts, vol. 2; and 11 Corpus Juris, Charities. While it must be recognized that the deduction of charitable bequests provided in the revenue act was conceived by a purpose to encourage public charity, Trinidad v. Sagrada, 263 U. S. 578; Y. M. C. A. v. Davis, 264 U. S. 47, it is not necessary for the fulfillment of this purpose to import all of the judicial dicta which have been used to safeguard the chancery power.
The administration of this Act must, in matters such as this, transcend any local law of statute or decision. Burk-Waggoner Oil Association v. Hopkins, 269 U. S. 110; United States v. Robbins, 269 U. S. 315; Weiss v. Wiener, 279 U. S. 333; Calhoun Co. v. Ajax Co., 182 U. S. 499, 505. There would be hopeless confusion if deduction were allowed of a bequest because the State of decedent’s domicile recognized it as charitable in consonance with the Statute of Elizabeth, and denied a similar bequest of a decedent residing in a State holding a different view. In the present case, the Superior Court of Georgia has decreed this trust to be charitable “within the meaning of the law of Georgia.”' This decree was entered in an uncontested proceeding, and counsel will concede that it is not binding here. But they ask that it be given weight. This must be denied. Georgia may, of course, adjudicate those trusts as are *703 within her jurisdiction to suit her own policies and purposes, and to that extent the decrees of her courts must be respected. But “ the act of Congress has its own criteria, irrespective of local law,” Weiss v. Wiener, supra, and impinges upon the trust at an entirely different point. The States themselves have the right to deny recognition of the charitable exemptions of a sister State. Zollman on Charities, §781, and cases cited. It matters not, therefore, whether this trust violates the Georgia Code, §3851, and is utterly void or only voidable at the instance of the protected kin, cf. Jones v. Habersham, 107 U. S. 174, and tax free in Georgia until attacked, cf. In re DeLamar's Estate, 197 N. Y. S. 301.
Section 403 (a) (3) is not one providing an exemption from tax. It sets forth a deduction to be used in determining the net estate by which the estate tax is measured. Since the tax is an excise tax, Knowlton v. Moore, 178 U. S. 41; T. M. C. A. v. Davis, 264 U. S. 47, and not a property tax, and all decedents’ estates are taxable by the same general measure, the issue is not subject to the strict rule of construction applied by States to exemptions of charitable property from ad valorem property taxes. The taxpayer here is not claiming special exemption from tax imposed upon all others, but the benefit of a factor of measurement allowed to all. And the only question is whether the circumstances are within the fair intendment of the language used to describe the deduction.
The petitioner in a vigorous argument urges that the trust is charitable and relies upon extracts from many decisions. But no case has been cited and we have found none which considers a trust similar to that here in question. This trust is in its nature farther from those which are well recognized as charitable than any which have been so adjudicated. We have no inclination to doubt its fine purpose or to belittle the spirit of magnanimity which actuated the decedent. But it is clear that the business welfare of the American Cast Iron Pipe Co. was inseparable from the purposes of the trust. It was not a mere incident to the relief of the poor and the suffering. It was not primarily to inure to the public benefit. The living wage, the cost price to customers, the reasonable dividends to stockholders and service to such of the public as were affected were all factors of a generous plan which revolved around the profitable operation of the private business of the Company for the benefit primarily of the capital and labor devoted to it. The trustees were such only by virtue of their connection with the business, and their differences were to be arbitrated by the directors of the corporation, whose duty presumably was to protect the interests of the preferred shareholders as well as of the common. The fact that the plan brought about a mutuality of interest between the employer and the employee, how *704 ever sound in economic policy, does not indicate a charity. And in the eyes of the law it is not made charitable or religious because conducted “ on the principles of the teachings of Jesus Christ.”
But we think there is a more conclusive reason against the petitioners’ claim. The language of the statute contains the word “ exclusively,” and this may not be ignored, cf. Curtis v. Androscoggin, 99 Me. 356; 59 Atl. 518; Grand Lodge v. Taylor, 146 Ark. 316; 226 S. W. 129. The last paragraph of the codicil sets forth a purpose to control the Company so that goods may be sold at the lowest price consistent with maintenance and extension of the plant and reasonable salaries to employees. To say that such a purpose is “ exclusively charitable ” as a basis for the tax deduction is to ignore the distinction between charity and legitimate business ideals and goes beyond any reasonable intendment of the statute.
Furthermore, the actual management of the trust has been so mingled with the management of the business of the corporation that its benefits have inured to the corporation. The benefit funds have been made up largely by corporate appropriation as a means to save Federal income taxes. Where the line can be drawn between the activities of the two boards as corporate managers and as Eagan trustees is difficult to say, and surely to the extent the trust is a means to promote the interest of the business corporation it is not “ exclusively charitable.” The direction to use the fund to bring about living wages to employees has not been followed except as the corporation has voted funds for such purposes, including bonuses to officers. The trustees have used the trust income (8 per cent dividends) for relief of distressed employees and dependents. But this is not the sole purpose, function or effect of the trust.
We are of opinion that the bequest is not deductible under section 403 (a) (3).
Reviewed by the Board.

Judgment will be entered for the respondent.