Honorable J.W. "Bill" Ramsey Arkansas House of Representatives P. O. Box 6 Prairie Grove, AR 72753
Dear Representative Ramsey:
This letter is in response to your request for an Attorney General's Opinion concerning the question of whether the American Legion and VFW are exempt from ad-valorem taxation because they qualify as "public charities." It is my opinion that based on the limited amount of material which you have sent to me, these two organizations would not qualify as public charities to be exempted from ad valorem taxation.
Article 16, Section 5 of the Arkansas Constitution originally set out the types of property that would be exempt from ad-valorem taxation. Included among such exempt property was "buildings and grounds and materials used exclusively for public charity." In addition to this constitutional exemption, Ark. Stat. Ann. 84-206 (Repl. 1980) included among the types of property exempted from taxation the following:
 All buildings belonging to institutions of purely public charity, together with the land actually occupied by such institutions, not leased or otherwise used within a view to profit, and all monies and credits appropriated solely to sustaining the belonging exclusively to such institutions.
The Arkansas Supreme Court has consistently held that property will be exempt from taxation only when the property is actually and directly used for charitable purposes. Consequently, the fact that rents and revenues derived from certain real estate are devoted to purposes of public charity will not exempt that property from taxation since it is only when the property itself is actually and directly used for charitable purposes that the law exempts it from taxation. It is only when the property itself is actually and directly used for charitable purposes that the law exempts it from taxation. It is the actual use of the property, rather than the use of its revenues which determines whether it is exempt from taxation. Brody v. Fitzgerald, 57 Ark. 445,
22 S.W. 29 (1893); Hot Springs School Dist. v. Sisters of Mercy,84 Ark. 497, 106 S.W. 954 (1907); Grand Lodge of Free and accepted Masons v. Taylor, 146 Ark. 316, 226 S.W. 129
(1920); Burgess v. Four States Memorial Hospital, 250 Ark. 485,465 S.W.2d 693 (1971).
Article 16, Section 5 of the Arkansas Constitution was repealed by Section 17 of Amendment No. 59. Section 17(b) of Amendment 59 states as follows:
 The following properties shall be exempt from taxation: . . . buildings and grounds and materials used exclusively for public charity.
Since this language is identical to that contained in Article 16, Section 5, the rationale and holdings of the Arkansas Supreme Court cases cited above would still apply in reaching a determination of whether certain property is exempt from taxation as being used exclusively for public charitable purposes. As each of those cases state, taxation is the general principle and exemption is the exception, and any exemption stated by the Constitution must be strictly construed. In addition, any exemption stated by legislative enactment must not violate the Constitutional provisions.
In the February 19, 1985 memorandum of Marvin Russell, attached to your opinion request, Mr. Russell states that the Assessment Coordination Division of the Public Service Commission has determined that the Masonic Lodges, Shriners, Scottish Rights, Oddfellows and Knights of Columbus qualify as public charities whose property may be exempt if it is used exclusively for public charity. Mr. Russell stated that he did not include the Elks within the groups that qualify as public charities. Someone has handwritten the name of the Elks in the typed list of groups provided by Mr. Russell, but this is not accurate.
Mr. Russell stated that the particular groups listed were deemed qualified for the exemption because their main purposes as stated in their charters are to serve the general public through charitable works. He stated that as far as he could determine, the purpose of the American Legion and the VFW is to serve their members and their needs, not the general public. This is the reason he has not included these two groups among the groups qualified for the tax exemption.
Based on all the foregoing reasons, it appears that in order for an organization to qualify as a public charity, its purpose must be to serve the public as a whole through charitable works. I do not have any information which indicates to me that the American Legion or the VFW is such or organization. Rather, these organizations tend to be geared toward service to their members. Even if an organization qualifies in general as a public charity, that organization's property will be exempt from ad valorem taxation only if the particular piece of property is used exclusively for public charitable purposes.
It would seem that the only feasible way to resolve the issue of whether the American Legion, VFW or any other organizations are qualified as exempt public charities would be to present this issue to the legislature and attempt to have some form of legislation passed which would define which organizations qualify. I must, however, caution that any law that is passed which attempts to exempt property from taxation must not conflict with the provisions of Section 17(b) of Amendment No. 59. See Article16, Section 6 of the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Jeffrey A. Bell.
Sincerely,
Steve Clark Attorney General
SC/JB/pw