The Honorable John E. Miller State Representative P.O. Box 420 Melbourne, AR 72556-0420
Dear Representative Miller:
This is in response to your request for an opinion regarding the Arkansas Woodmen of the World Youth Camp, Inc. A previously granted tax exemption for certain property owned by this organization has apparently been removed, and your question is whether the local assessor has the power to remove the exemption.
Article 16, Section 5(b) of the Arkansas Constitution, as amended by Amendment 59, states:
 The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemetaries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity. [Emphasis added.]
It must be initially noted that the authority to approve or disapprove a particular tax exemption has not been vested in this office. The question of whether certain property is tax exempt is a factual question to be answered in the first instance by the assessor, and pursued thereafter through the judicial process. The assessor must decide on a case by case basis, following a review of all pertinent facts, whether the property in question is "used exclusively for public charity." Information sufficient to allow the assessor to make this factual determination should therefore be forwarded to the assessor's office. All of the surrounding facts and circumstances must be examined in order to identify the nature, extent and usage of the property in question. See generally Hilger v. Harding College,231 Ark. 686, 689, 331 S.W.2d 851 (1960).
While I cannot undertake this factual review, a recitation of the essential legal principles in this area may prove helpful in addressing your specific question of whether the assessor has the power to remove an exemption in this instance.
It must be recognized, initially, that an income tax exemption ruling from the Internal Revenue Service is not determinative of whether property owned by the entity is exempt from taxation under the Arkansas Constitution. The courts will look, instead, to the actual use of the property in question. It is the direct and exclusive use of the property which determines whether it is exempt from taxation, rather than the use of any revenues derived therefrom. See Brodie v. Fitzgerald, 57 Ark. 445, 22 S.W. 29
(1893); Hot Springs School Dist. v. Sisters of Mercy,84 Ark. 497, 106 S.W. 954 (1907); Grand Lodge of Free and AcceptedMasons v. Taylor, 146 Ark. 316, 226 S.W. 129 (1920); Burgess,Judge v. Four States Mem. Hosp., 250 Ark. 485, 465 S.W.2d 693
(1971).
It should also be noted that the Arkansas Supreme Court has consistently held that:
 . . . taxation is the rule and exemption the exception. Exemptions from taxation must always be strictly construed, regardless of merit, in favor of taxation and against exemption. [Citations omitted.]
City of Fayetteville v. Phillips, 306 Ark. 87, 91, ___ S.W.2d ___ (1991).
The burden of proving entitlement to an exemption rests on those seeking exemption. Id. The court has noted the "heavy burden" on those seeking exemption, stating that the burden is to prove entitlement "beyond a reasonable doubt." Id. at 93-94.
With regard to the property that is the subject of your request, there is some evidence, as set forth in the submitted correspondence, that the property is being used for non-charitable purposes. While a conclusive determination would, as previously stated, require a thorough factual review, the charging of a fee for use of the facility may have formed the basis for the assessor's decision. The Arkansas Supreme Court has denied exemption, under the requirement that "public property [be] used exclusively for public purposes" (art. 16, § 5(b),supra), where occasional use was for non-public purposes. SeeOff-Street Parking Development Dist. No. 1 v. City ofFayetteville, 284 Ark. 453, 683 S.W.2d 229 (1985); see alsoCity of Fayetteville v. Phillips, supra.[1] As noted above, property cannot be exempted from taxation simply by an exclusive use of the income for public charity. The actual use of the property, rather than the use of its revenues, determines whether it is exempt from taxation.
I cannot conclude, based upon the facts supplied, that the assessor acted improperly in placing the property on the tax rolls. The assessor has the authority to make this determination, subject to review by the courts.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The court in City of Fayetteville, supra, stated, in reference to the case of Hilger v. Harding College, supra,
that ". . . the principles and rules for exemptions of property used for school purposes, for public purposes, and for charity were declared to be the same due to the similarity of language employed as to each category in art. 16, § 5." 306 Ark. at 93.