The Honorable John S. Fitch State Senator Rural Route 1 Hindsville, Arkansas 72738
Dear Senator Fitch:
This is in response to your request for an opinion on the taxable status of a particular piece of property located in the City of Leslie, Arkansas. Your correspondence indicates that the property at issue is a "community medical facility" owned by the Leslie Community Medical Facility Association ("Association") (an Arkansas nonprofit corporation), and leased to a medical doctor and one other individual. You note that the property has been owned by the Association since 1961, but was not subjected to property taxes until the 1995 tax year. In June of 1994, the Association leased the property to the medical doctor and the individual for an initial term of twenty-five years for a total consideration of two hundred and fifty dollars, which you note breaks down to ten dollars a year. You have asked my opinion as to the taxable status of the property.
It must be initially noted that the authority to approve or disapprove a particular tax exemption has not been vested in this office. The question of whether certain property is tax exempt is a factual question to be answered in the first instance by the assessor, and pursued thereafter through the judicial process. The assessor must decide on a case by case basis, following a review of all pertinent facts, whether the property in question is "used exclusively for public charity." Information sufficient to allow the assessor to make this factual determination should therefore be forwarded to the assessor's office. All of the surrounding facts and circumstances must be examined in order to identify the nature, extent and usage of the property in question. See generally, Hilger v. HardingCollege, 231 Ark. 686, 689, 331 S.W.2d 851 (1960).
While I cannot undertake this factual review, a recitation of the essential legal principles in this area may prove helpful in addressing your specific question as to the taxable status of this property.
Article 16, § 5 of the Arkansas Constitution provides in pertinent part as follows:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school building and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity. [Emphasis added.]
Article 16, § 6 of the Arkansas Constitution provides that:
 All laws exempting property from taxation other than as provided in this Constitution shall be void.
The relevant Arkansas statutory provision is A.C.A. § 26-3-301(7) (Supp. 1995), which exempts from taxation:
 All buildings belonging to institutions of purely public charity, together with the land actually occupied by these institutions, not leased or otherwise used with a view to a profit, and all moneys and credits appropriated solely to sustaining, and belonging exclusively to, these institutions.
Your correspondence argues that because the property, leased at such a nominal rate, is clearly not leased "with a view to a profit," within the meaning of the statute above, the property must be exempted from taxation. As will be seen from the discussion below, however, this is not the complete test for exemption of charitable property.
The Arkansas Supreme Court has twice stated that notwithstanding the provisions of the applicable statute (A.C.A. § 26-3-301(7)), the right of exemption must be found in the Constitution, since Article 16, § 6 so provides. See Missouri Pacific Hospital Association v. Pulaski County,211 Ark. 9, 199 S.W.2d 329 (1947) and Brodie v. Fitzgerald, 57 Ark. 445,22 S.W. 29 (1893).
The "charitable" exemption from property taxes found in the Arkansas Constitution was discussed recently in Op. Att'y Gen. 96-172 (copy enclosed). It was stated therein that:
 The Arkansas Supreme Court has stated that in order to qualify for the exemption under our constitution, `an entity must show that it is a charitable organization and that the property claimed for exemption is used exclusively for charitable purposes. . . .' [Citing Sebastian County Equalization Board v. Western Arkansas Counseling Guidance Center, 296 Ark. 207, 209, 752 S.W.2d 755 (1988)]. Under our constitution and statutes, it is the property and not the institution, which is exempt from taxation. It has been stated . . . that to come within a provision for the exemption of property used exclusively for charitable purposes, the use of the property is the determining factor. [Citing 84 C.J.S. Taxation § 252-253 and Missouri Pacific Hospital Ass'n v. Pulaski County, 211 Ark. 9, 12, 100 S.W.2d 329 (1947) (which concluded that the constitutional language `used exclusively for public charity' refers `not to the character of the corporation or association owning the property sought to be exempted but, regardless of the character of the owner, to the direct and exclusive use of the property for public charity.')]
Op. Att'y Gen. 96-172 at 2. (All emphasis original). See also, Burgess,Judge v. Four States Memorial Hospital, 250 Ark. 485, 465 S.W.2d 693
(1971); Missouri Pacific Hospital Association v. Pulaski, supra; GrandLodge of Free and Accepted Masons v. Taylor, 146 Ark. 316, 226 S.W. 129
(1920); Hot Springs School District v. Sisters of Mercy, 84 Ark. 497,106 S.W. 954 (1907); and Brodie v. Fitzgerald, 57 Ark. 445, 22 S.W. 29
(1893).
The Arkansas Supreme Court has consistently held that the tax exemption cannot be extended to leased or rented property from which revenue is derived, though the revenue is applied solely to support the charity.Brodie, supra. This is true, of course, unless the lessee also uses the property exclusively for charitable purposes.
Your correspondence does not indicate to what use the lessee actually puts the property in question, other than as indicated in one provision of the lease which states that the property is to be used "for the purpose of providing medical services and for no other purposes. . . ." Lease, § 9. The determining factor, in my opinion, in answering your question, will be whether the lessees are engaged in the purely private practice of medicine, or whether they are engaged in some type of charitable use of the property. If the former, the property is in all likelihood taxable. If the latter, it may, depending upon all the facts, be tax exempt.
Although I have found no Arkansas cases squarely on point as to the taxable status of a medical facility owned by a nonprofit association and leased to medical doctors, cases from other jurisdictions with similar constitutional or statutory requirements are instructive. In every case found in which the medical doctors were engaged in the purely private practice of medicine (for a fee), the property was held taxable. See,e.g., Appeal of Lanchester Medical Center Association from Assessment ofReal Estate, 23 Pa. Cmwlth. 596, 353 A.2d 75 (1976) (medical center built and owned by nonprofit association formed by concerned citizens to ensure medical services to rural area was taxable when association acted merely as a landlord for tenant doctors who used the clinic to pursue their own independent profitable practices), and City of Springfield v.Commissioner of Revenue, 380 N.W.2d 802 (Minn. 1986) (medical clinic owned and operated by city was not used exclusively for public purposes so as to be exempt from state property taxation, although city purchased clinic to ensure that city was provided with medical doctors, where physicians used clinic to conduct their private medical practices for a fee). See also generally to the same effect, Tri-State OsteopathicHospital Association v. Blakeley, 898 S.W.2d 693 (Mo. 1995); St. Mary'sMedical Center of Evansville, Inc., v. Board of Tax Commissioners,571 N.E.2d 1247 (Ind. 1991); In re. Appeal of Pittsburgh NMR Institute,
133 Pa. Cmnwlth. 464, 577 A.2d 220 (1990); Grand Prairie Hospital Authorityv. Tarrant Appraisal District, 707 S.W.2d 281 (1986); Mason DistrictHospital v. Tuttle, 61 Ill.App.3d 1034, 19 Ill. Dec. 138, 378 N.E.2d 753
(1978); and White Cross Hospital Ass'n. v. Board of Tax Appeals,38 Ohio St.2d 199, 311 N.E.2d 862 (1974). The only instance in which similar property has been held tax exempt is where the doctors were not allowed to maintain private practices, the salaries received by the physicians were below that which they might receive in a private practice, the physicians had no interest in the patients' fees which were paid directly to the nonprofit entity, and no patients were turned away because of an inability to pay. See Lutheran General Health Care System v. Departmentof Revenue, 231 Ill. App. 3d 652, 172 Ill. Dec. 544, 595 N.E.2d 1214
(1992).
Because I have not been apprised of the actual use of the property in respects similar to those listed above, I cannot come to a definite conclusion as to the taxable status of the property. Being a factual determination, this conclusion must be made in any event in the first instance by the assessor. If, however, the lessees of the property are engaged in the purely private practice of medicine, it is my opinion, based upon the authorities above, that the property is taxable. The previous determinations of exempt status are not controlling because the actual use of the property may change. See generally, Op. Att'y Gen.91-326.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh