The Honorable Lloyd R. George State Representative Route 1 East Ola, Arkansas 72853
Dear Representative George:
This is in response to your request for an opinion on "whether the Dardanelle Country Club is to pay property taxes or not." You have included no other information with your request. In Arkansas, some such clubs are incorporated as "nonprofit corporations" under applicable Arkansas statutes, and I can only assume that some claim of tax exemption is being made due to this status.
It must be noted initially that the authority to approve or disapprove a particular tax exemption has not been vested in this office. The question of whether certain property is tax-exempt is a factual question to be answered in the first instance by the assessor, and pursued thereafter through the judicial process. The assessor must decide on a case-by-case basis, following a review of all pertinent facts, whether the property in question is tax-exempt. Information sufficient to allow the assessor to make this factual determination should therefore be forwarded to the assessor's office. All of the surrounding facts and circumstances must be examined in order to identity the nature, extent and usage of the property in question. See generally, Hilger v. Harding College,231 Ark. 686, 689, 331 S.W.2d 851 (1960).
Notwithstanding the above, a recitation of the applicable legal principles in this area may prove helpful in addressing the taxable status of the property you describe.
Article 16, § 5 of the Arkansas Constitution provides in pertinent part as follows:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
Article 16, § 6 of the Arkansas Constitution provides that:
 All laws exempting property from taxation other than as provided in this Constitution shall be void.
In addition, a relevant Arkansas statute, A.C.A. § 26-3-301 (Supp. 1995), extrapolates on the exemptions listed in the Constitution. It does not mention country clubs. In any event, the Arkansas Supreme Court has twice stated that notwithstanding the provisions of the applicable statute, the right of exemption must be found in the constitution, since Article 16, § 6 so provides. See Missouri Pacific Hospital Associationv. Pulaski County, 211 Ark. 9, 199 S.W.2d 329 (1947) and Brodie v.Fitzgerald, 57 Ark. 445, 22 S.W. 29 (1893). The language of Arkansas Constitution, art. 16, § 5 exempts from taxation certain public property, churches, cemeteries, school buildings and libraries, and "buildings and grounds used exclusively for public charity." I assume that no claim of exemption is being made on the basis that the Dardanelle Country Club is "public property," a "church," a "cemetery," a "library," or a "school building." I assume therefore, that the inquiry focuses on whether the Dardanelle Country Club comprises "buildings and grounds and materials used exclusively for public charity."
The "charitable" exemption from property taxes found in the Arkansas Constitution was discussed recently in Op. Att'y Gen. 96-172. It was stated therein that:
 The Arkansas Supreme Court has stated that in order to qualify for the exemption under our constitution, `an entity must show that it is a charitable organization and the property claimed for exemption is used exclusively for charitable purposes. . . .' [Citing Sebastian County Equalization Board v. Western Arkansas Counseling Guidance Center, 296 Ark. 207, 209, 752 S.W.2d 755 (1988)]. Under our constitution and statutes, it is the property and not the institution, which is exempt from taxation. It has been stated . . . that to come within a provision for the exemption of property used exclusively for charitable purposes, the use of the property is the determining factor. [ Citing
84 C.J.S. Taxation § 282 and Missouri Pacific Hospital Ass'n. v. Pulaski County, 211 Ark. 9, 12, 100 S.W.2d 329 (1947) (which concluded that the constitutional language `used exclusively for public charity' refers `not to the character of the corporation or association owning the property sought to be exempted but, regardless of the character of the owner, to the direct and exclusive use of the property for public charity.')]
Op. Att'y Gen. 96-172 at 2. (Emphasis added.) See also Grand Lodge, F. A.M. v. Taylor, 146 Ark. 316 (1920) (property of Masonic lodge incorporated as a charitable corporation was not tax exempt because it was not alleged to be used exclusively for public charity).
As can be seen from the quotation above, the status of the entity owning the property, whether nonprofit or not, is not the determining factor as to the property's taxable status. This is not to say, however, that the organization does not itself have to qualify as "charitable." See Op. Att'y Gen. 96-172. In determining the use of the property as charitable, it has been held first necessary to determine whether the association seeking exemption is charitable, not only in its aims and purposes, but also in what it actually does to carry out such purposes. 84 C.J.S.Taxation § 282. It has been stated that the organization must have charity as its primary, if not sole, object. 71 Am.Jur.2d State LocalTaxation § 363. It was opined in Op. Att'y. Gen. 96-172 that if the entity is essentially a fraternal or social organization, with charity dispensed only incidentally, the exemption will not apply.
Even if an organization's primary aims and functions are actively charitable in nature, an exemption from taxation requires that the property in question be used exclusively for "public charity." Such a showing may be difficult with regard to a typical "country club," the use and benefit of which is ordinarily restricted to private members. Cf.Holiday Island Suburban Improvement District No. 1 v. Williams,295 Ark. 442, 749 S.W.2d 314 (1988) (golf courses, tennis courts, and other recreational facilities of suburban improvement district were not tax exempt as "public property" used exclusively for public purposes, where signs were clearly posted indicating that their use was restricted to "members and guests only").
In sum, the fact that the Dardanelle Country Club may be incorporated as a nonprofit corporation is not dispositive of the question of whether its property is exempt from taxation. The relevant tests to be applied by the local assessor and collector to the facts involving the Dardanelle Country Club are set out above.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh