The Honorable John Paul Capps State Senator 914 James Street Searcy, AR 72143-3927
Dear Senator Capps:
I am writing in response to your request for my opinion concerning the taxable status of a hospital facility. As background for your question, you state:
 A not-for-profit (501(c)(3)) hospital in my district has acquired another hospital in the same city from a publicly owned for-profit corporation. Title to the real and personal property is now vested in the not-for-profit hospital. The not-for-profit hospital will continue to operate the acquired facility exclusively as a sub-acute hospital.
You have asked the following question in this regard:
 Is the acquired hospital subject to ad valorem taxes on the real and personal property now owned by the not-for-profit hospital?
RESPONSE
The authority to approve or disapprove a particular tax exemption has not been vested in this office. The question of whether certain property is tax-exempt is a factual question to be answered in the first instance by the assessor, and pursued thereafter through the judicial process. The assessor must decide on a case-by-case basis, following a review of all pertinent facts, whether the property in question is tax-exempt. Information sufficient to allow the assessor to make this factual determination should therefore be forwarded to the assessor's office. All of the surrounding facts and circumstances must be examined in order to identity the nature, extent and usage of the property in question. See generally, Hilger v. Harding College,231 Ark. 686, 331 S.W.2d 851 (1960).
That being said, I can set out some general law in this area that may prove helpful in addressing your specific question as to the taxable status of a particular facility owned by a not-for-profit hospital. Article 16, Section 5 of the Arkansas Constitution provides in pertinent part as follows:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity. [Emphasis added.]
Article 16, Section 6 of the Arkansas Constitution provides that:
 All laws exempting property from taxation other than as provided in this Constitution shall be void.
I assume that the so-called "charitable" exemption, emphasized above, is the one pertinent to your question concerning property held by a not-for-profit hospital. A statute that was enacted to "define" the constitutional exemptions, A.C.A. § 26-3-301, should also be noted in this regard. See City of Springdale v. Duncan,240 Ark. 716, 401 S.W.2d 747 (1966) (stating that the statute was intended to define the types of property exempt from taxation under Ark. Const. art. 16, § 5). Section 26-3-301 provides in pertinent part that:
 All property described in this section, to the extent limited, shall be exempt from taxation:
 * * *
 All buildings belonging to institutions of purely public charity, together with the land actually occupied by these institutions, not leased or otherwise used with a view to profit, and all moneys and credits appropriated solely to sustaining, and belonging exclusively to, these institutions[.]
A.C.A. § 26-3-301(7) (Supp. 2005).
These provisions of law embody the relevant tests to be applied by the local assessor to the facts involving the particular hospital facility in question. Any charitable entity claiming a tax exemption must show that the property for which it claims the exemption is "used exclusively for public charity." It is important to note that this is evidenced not by the character of the corporation or association owning the property or the use of the property's revenues, but by the exclusive use of the property for a tax exempt purpose. See, e.g., Burgess v. Four StatesMemorial Hospital, 250 Ark. 485, 465 S.W.2d 696 (1971). This is not to say that the organization does not itself have to qualify as "charitable." For-profit entities are not entitled to exemption. See Sebastian County v. Educare Centers,296 Ark. 538, 758 S.W.2d 413 (1988). Under our constitution, however, it is the property, and not the institution, which is exempt from taxation. See Missouri Pacific Hospital Ass'n v. PulaskiCounty, 211 Ark. 9, 12, 100 S.W.2d 329 (1947) (concluding that the constitutional language `used exclusively for public charity' refers "not to the character of the corporation or association owning the property sought to be exempted but, regardless of the character of the owner, to the direct and exclusive use of theproperty for public charity." Emphasis added). See also GrandLodge of Free and Accepted Masons v. Taylor, 146 Ark. 316,226 S.W. 129 (1920); Hot Springs School District v. Sisters ofMercy, supra; Brodie v. Fitzgerald, 57 Ark. 445, 22 S.W. 29
(1893).
The most pertinent question regarding a property's taxable status, therefore, is the use to which the property is put. As stated by the Arkansas Supreme Court in Arkansas Conference ofSeventh Day Adventists v. Benton County, 304 Ark. 95,800 S.W.2d 426 (1990) with respect to the exemption for property "used exclusively for school purposes":
 Arkansas limits its exemption to property `exclusively' used for school purposes. In determining the meaning of the word `exclusively,' it is first proper to decide whether the provision is to be strictly or liberally construed with respect to the exemption. [Citation omitted.] In Arkansas the rule of strict construction applies to tax exemptions, therefore, the term `exclusively' is to be narrowly construed. [Citation omitted.] To determine whether property is used `exclusively' for a particular purpose, generally it is necessary to look to the primary use to which the property is put and not to secondary use. [Citation omitted.] If the primary use is one allowed under the exemption, a secondary or incidental use, even if for a purpose not within the exemption, is irrelevant.
304 Ark. at 97.
Although the Arkansas Supreme Court has not defined the phrase "direct and exclusive use of the property for public charity" (Missouri Pacific Hospital Ass'n, supra) for purposes of all situations, the court has set forth some parameters that may serve as helpful guidelines in determining whether a particular use of property constitutes a charitable purpose. In Burgess v.Four States Memorial Hospital, supra, the court addressed the meaning of "public charity" as applied to a hospital's use of its property, stating:
 It has been held that a benevolent and charitable organization's property used as a hospital may be constitutionally exempt from taxation if it is open to the general public, if no one may be refused services on account of inability to pay and if all profits from paying patients go toward maintaining the hospital and extending and enlarging its charity.
250 Ark. at 491, citing Hot Springs School District v. Sistersof Mercy, 84 Ark. 497, 106 S.W. 954 (1907).
The answer to your question concerning the taxable status of a not-for-profit hospital facility may depend upon the extent to which the hospital's operations meet the requirements stated inBurgess, supra. As I first stated, however, all of the surrounding facts must be considered in making the final determination concerning the exempt status of particular property. This is a question that must be decided by the assessor in the first instance.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE, Attorney General
MB:EAW/cyh