## Phillips County v. Sister Estelle.

TAXATION: *School buildings and grounds exempt.*

The constitutional exemption of school buildings and grounds used exclusively for school purposes, from taxation, applies to private as well as public schools.

APPEAL from *Phillips* Circuit Court.

Hon. J. C. PALMER, Special Judge.

*Tappan & Horner* for appellant.

From a careful consideration of *article 16, section 5, Constitution 1874,* and *section 1, act March 5, 1875, p. 222,* it is clear that it was the intention of the laws to exempt *only* such property as was used for *public* purposes, and not that used with a view to profit. The property is not exempt under the latter part of section 5, " that it was used *exclusively* for public charity." The performance by the owner of some charitable acts will not exempt his property from taxation ; nor will the gratuitous education and supplying of books to some pupils while the remainder are charged, constitute an exemption under that clause.

*W. L. Terry* for appellee.

1. The property is exempt under that provision of our Constitution exempting *school buildings* and apparatus and "libraries and grounds used *exclusively for school purposes.*"

2. It is entitled to such exemption under the clause exempting "buildings and grounds and materials used exclusively for *public charity.*" See *Const., art. 16, sec. 5; sec. 5055 Gantt's Dig.; Acts 1883, p. 213 ; 25 Ohio St., 241–7 ; St. 43 Eliz., ch. 4; 14 Allen, 554; 2 Story Eq. Jur., sec. 1160; 25 Ohio, 229, 231, 244; 29 Ohio St., 201.*

SMITH, J. This is an appeal from a judgment of the Phillips Circuit Court, holding that the buildings and grounds of the convent in Helena, known as the "Academy of the Sacred Heart," in Phillips County, Arkansas, were exempt from taxation under the provisions of the Constitution of 1874. Thereupon it was " ordered, adjudged and decreed that the levy and extending of the taxes for the years 1880 and 1881, against said ' convent property,' on the tax books of those years are *erroneous*, and that said convent property be relieved from taxation for said years, and that the aforesaid erroneous levy and extension of taxes for said years against said convent property on the tax books of said years be *quashed or set aside*, and the clerk of the county court of said county of Phillips, is hereby ordered to strike from the delinquent list of Phillips County, for the year 1881, by writing on the margin thereof, ' erroneously taxed and stricken from the delinquent list by order of the Circuit Court, November term, 1882.' "

The case was originally begun by a petition filed by appellee in the Phillips county court, claiming such exemption.

From the finding of facts made by the court, it appears that the Sisters of Charity of the Convent of Nazareth, Kentucky, purchased the property in question some time prior to the year 1879, for the purpose of establishing a school and academy for the education of the young, and in the year 1879, for that purpose, sent out a colony of *Sisters of Charity* from the mother convent, who thereupon established a school under the name of the "Academy of the Sacred Heart," *not with a view to profit, but for general school purposes and the charitable purpose of educating as many poor children* as their means and facilities would permit, *free of charge*, and that *said school is, in fact, conducted on the said charitable principles;* that tuition in said school is less than in any pay school in Helena, and that poor pupils, unable to pay, are *given their tuition and text books free of charge*, and that the charge against those able to pay, *is only made to cover the expenses of the school and make it possible to carry it on and give free education to the poor*, and that the teachers and employés of said school, save one, being Sisters of Charity, *make no charge for their services*, and only receive their *board and clothing*, and that the said convent property is *devoted wholly to aforesaid purposes of education*, and that all the buildings and grounds of said convent are used *exclusively for school purposes*."

It was also admitted that, during the session next before the filing of the petition, fourteen poor children had been given their tuition and school books free of charge, and the parents of nine of these were non-Catholics. Two scholars had also been furnished with board and tuition without charge.

Section 5, article 16, Constitution of 1874, provides that school buildings and grounds used exclusively for school purposes shall be exempt from taxation. As the case falls within the plain meaning of this provision, it is unneces-

sary to consider whether the petitioner is entitled to this privilege of exemption, under another provision of the same section, which exempts buildings and grounds used exclusively for public charity.

Affirmed.