## SEBASTIAN COUNTY *v.* EDUCARE CENTERS of Arkansas, INC.

88-51 758 S.W.2d 413

Supreme Court of Arkansas
Opinion delivered October 17, 1988
[Supplemental Opinion on Denial of Rehearing
November 21, 1988.]

*Martin, Vater, Karr & Hutchinson*, by: *Charles Karr*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

TOM GLAZE, Justice. This case involves the ad valorem assessment of property owned by appellee, Educare Centers of Arkansas, Inc. (Educare), a corporation for profit that operates four of its centers in Sebastian County. The Sebastian County Court, upholding the County Board of Equalization, ruled that Educare's property was subject to taxation. Educare successfully appealed that ruling to the Sebastian County Circuit Court,

which determined Educare was a school and exempt as such under Ark. Const. art. 16, § 5(b). In this appeal, appellant argues the trial court was wrong because Educare operates child care facilities, not schools. It further contends that, even if Educare qualified as a school, a school must be a non-profit organization to claim an exemption.

■ The parties' dispute centers on Ark. Const. art. 16, § 5(b), which reads as follows:

> (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.

The exemptions set out in art. 16, § 5(b), are acts of grace, and must be strictly construed, and every reasonable intendment must be made that it was not the design to surrender the power of taxation, or to exempt any property from its due proportion of the burden of taxation. *Brodie* v. *Fitzgerald*, 57 Ark. 445, 22 S.W. 29 (1893).

In the early case of *Phillips County* v. *Sister Estelle*, 42 Ark. 536 (1884), this court, in construing the above constitutional provision, extended tax freedom to a private nonprofit institution, which operated exclusively for school purposes. Twelve years later, the court, in considering the public property exemption contained in art. 16, § 5(b), rejected a public school's claim for exemption of property which the school had purchased and held in its commercial capacity, i.e., with a view towards making an investment and a profit. *School District of Ft. Smith* v. *Howe*, 62 Ark. 481, 37 S.W. 717 (1896). *Cf. Hilger* v. *Harding College*, 231 Ark. 686, 331 S.W.2d 851 (1960) (wherein the court denied an exemption for Harding College's dairy, laundry and print shop because their services competed with like businesses in the community and were not used exclusively for school purposes); *see also* 71 Am. Jur. 2d *State and Local Taxation* § 382 (1973) (in general, educational institutions kept and maintained for profit are regarded as taxable in the same manner as other business enterprises, even if provision is made for the payment of

the tuition fees of the children of poor parents out of an endowment fund).

We noted in *Hilger* the similarity of the language employed in art. 16, § 5(b), that exempts property used for school, public and charitable purposes, and stated the principles and rules applying to one category will apply with force to the other categories. *Hilger*, 231 Ark. at 694, 331 S.W.2d at 856. In reviewing the language of art. 16, § 5(b), particularly in light of this court's holdings in *Sister Estelle* and *Howe*, we believe the conclusion is inescapable that any school must operate its institution, and use its property, directly and exclusively for school purposes and with no view to profit, before the school, or its property, is entitled to an exemption.

In the present case, Educare offers strong evidence and forceful argument that it qualifies as a school, not a child care facility, as the term school is intended under art. 16, § 5(b). Nonetheless, even if we agreed with Educare on that point, Educare was established and is operated to make a profit. Educare's executive director even conceded that fact in his testimony. That being so, we hold that the trial court's decision finding Educare exempt from taxes under art. 16, § 5(b), is erroneous. Accordingly, we reverse and remand this cause.

PURTLE, J., concurs.

DUDLEY and NEWBERN, JJ., dissent.

JOHN I. PURTLE, Justice, concurring. I concur simply to state that only public schools, owned and operated by the state or district, qualify for exemption from taxation under art. 16.

ROBERT H. DUDLEY, Justice, dissenting. My personal philosophy of taxation is in complete accord with that expressed by the majority opinion, that is, for-profit schools should not enjoy an ad valorem tax exemption. However, one's personal philosophy on a subject should not be controlling when interpreting the plain language of the constitution.

In discussing the appropriate manner in which to interpret our constitution, we have said: "If the language is clear and unambiguous its meaning and intent are to be ascertained from the instrument itself by construing the language as it is written."

*Kervin* v. *Hill, County Judge*, 226 Ark. 708, 292 S.W.2d 559 (1956). The language of the constitution, as written, is clear in providing the ad valorem tax exemption for all schools, without qualification as to whether they are for-profit or not-for-profit. The instrument provides: "The following property shall be exempt from taxation: . . . school buildings and apparatus; libraries and grounds used exclusively for school purposes; . . . ." Ark. Const. art. 16, § 5(b).

The trial court found that appellee was a school. This Court does not dispute that finding. The constitution provides that schools are exempt. The intent of the framers and voters is clear. Therefore, I would affirm the trial court in granting the exemption to the appellee.

NEWBERN, J., joins in this dissent.

SUPPLEMENTAL OPINION ON DENIAL OF
REHEARING
NOVEMBER 21, 1988

761 S.W.2d 884

TOM GLAZE, Justice. In its petition for rehearing, appellee

argues that the parties, by an express stipulation, had agreed that appellee's elementary school, grades one through six, was exempt under Ark. Const. art. 16, § 5(b). Now the appellee asserts, among other things, that this court's decision that its facilities run for profit could not be tax exempt is contrary to this express stipulation.

We first would point out that the stipulation mentioned by appellee is nowhere in the abstract of record. Apparently the stipulation was contained in a witness's deposition and resulted from an exchange between the parties' counsel. It appears that the parties' counsel agreed on the stipulation when taking the deposition of an expert, and the purpose of the stipulation was to limit the scope of the witness's examination. Basically, the parties desired to limit their concern to whether the appellee's child-care facilities were schools and therefore exempt under art. 16, § 5(b). In doing so, the parties agreed the appellee's elementary facility was a school, but they never mentioned in the stipulation the question as to whether the appellee's facilities, both child-care or the elementary school, should be taxed since appellee was a profitmaking organization. In its petition, the appellee now attempts to use the parties' stipulation, out of context, and argues the appellant stipulated for-profit schools could be tax exempt.

 Neither party abstracted nor mentioned the stipulation until now, and accordingly, we are not obliged to consider such an argument at this late date. *See* Ark. Sup. Ct. R. 20(h). Even if we were, we need only note that stipulations are not considered binding as to issues of law. Of course, this court's holding rested upon its interpretation and construction of Ark. Const. art. 16, § 5(b) and our interpretation is obviously contrary to the construction the parties placed upon that constitutional provision when they agreed that appellee's elementary facility was exempt merely because it was a school.

 Appellee further claims that the appellant never argued below that appellee's property could not be tax exempt because appellee is a corporation for profit. Again, appellee raises this argument for the first time in its petition for rehearing, even though the appellant, citing *School District of Ft. Smith* v. *Howe*, 62 Ark. 481, 37 S.W. 717 (1896), and *Hilger* v. *Harding College*, 231 Ark. 686, 331 S.W.2d 851 (1960), in its appellate brief,

persuasively argued that the appellee, as a profit-making corporation, should not be given an exemption under art. 16 § 5(b). In sum, the court concludes it was clearly justified in reaching and deciding the "profit-making" issue the appellee now questions since that matter was previously briefed and argued without objection.

▪ The remainder of appellee's petition concerns a mere repetition of argument already considered by the court and for that reason, we need not consider or discuss further. *See* Ark. Sup. Ct. R. 20(g).

For the foregoing reasons, we deny the appellant's petition for rehearing.