## ARKANSAS CONFERENCE ASSOCIATION OF SEVENTH DAY ADVENTIST, INC. *v.* BENTON COUNTY BOARD OF EQUALIZATION

90-183                                              800 S.W.2d 426

Supreme Court of Arkansas
Opinion delivered December 10, 1990

*Elrod Law Firm,* by: *John R. Elrod,* for appellant.

No response.

STEELE HAYS, Justice. Appellant is the Arkansas Conference Association of Seventh Day Adventist, Inc. (Conference). Appellee is the Benton County Board of Equalization (Board). Appellant seeks to prevent appellee from collecting ad valorem taxes on real estate owned by appellant and used for school purposes.

The Conference operates the Ozark Adventist Academy (Academy) in Benton County. The Academy is a boarding school consisting of grades 9 through 12. The student body, with few exceptions, are members of the Seventh Day Adventist Church, although the boarding school is open to nonmembers. Present enrollment is 174 students and most live in the dormitories. On the campus are a girls' dormitory, a boys' dormitory, a gymnasium, a maintenance building, an administration building, a box factory, a duplex, and twelve detached single family dwellings. The subject of this dispute is the twelve single family dwellings and duplex.

In August 1988, the Board notified the Conference that it would impose ad valorem taxes on the property in question. An appeal was filed and Benton County Judge A.E. Norwood affirmed the decision of the Board. From that decision an appeal was filed in Benton County Circuit Court. The decision of the county court was affirmed and the Conference brings this appeal.

Article 16, § 5 of the Arkansas Constitution exempts from property taxation "school buildings and apparatus" and "grounds used exclusively for school purposes." The Benton County Circuit Court held that the property does not meet the exclusive use requirement of the Arkansas constitutional provision. Consequently, the issue before us is whether the single family dwellings located on the grounds of the Academy constitute "grounds used exclusively for school purposes."

The dwellings are rented for residential use to faculty and staff of the Academy. Faculty and staff are required to live in the dwellings unless special circumstances necessitate off-campus residency. In addition to faculty and staff, a retired faculty member resides temporarily rent-free in one of the houses. A church-affiliated physician previously lived in one of the residences. Students live on campus for approximately ten months out of the year and some live there the remaining two months, when there is no curriculum, working in the campus box factory.

It is appellant's position that faculty and staff members do not merely reside in the dwellings, but also provide counseling, guidance and security by residing on campus and adjacent to the dormitories. The school's educational goals are to provide physical, mental and spiritual guidance to the students. Therefore,

appellant argues that the residential housing should be treated like the dormitories, which are not taxed. The Board contends the property rented to faculty and staff is in direct competition with other rental owners in the area and therefore the property should be taxed.

█ █ Arkansas limits its exemption to property "exclusively" used for school purposes. In determining the meaning of the word "exclusively," it is first proper to decide whether the provision is to be strictly or liberally construed with respect to the exemption. 2 T. Cooley, *The Law of Taxation* § 684 (4th ed. 1924). In Arkansas the rule of strict construction applies to tax exemptions, therefore, the term "exclusively" is to be narrowly construed. *Hilger v. Harding College*, 231 Ark. 686, 331 S.W.2d 851 (1960). To determine whether property is used "exclusively" for a particular purpose, generally it is necessary to look to the primary use to which the property is put and not to secondary use. 2 T. Cooley, *The Law of Taxation* § 685 (4th ed. 1924). If the primary use is one allowed under the exemption, a secondary or incidental use, even if for a purpose not within the exemption, is irrelevant.

In this case, the faculty is responsible for such student counseling as might occur in the faculty residences. "Home parties" are given in the residences occasionally and the faculty are reimbursed for entertainment expenses. Faculty also help with security when necessary. Staff members are notified if the vice-president of finances, administrator or president of maintenance is unavailable in case of an emergency. But additional faculty and staff live directly in the dormitories which are taxexempt. No residences are used for conducting classes and none of the above mentioned duties are regularly scheduled obligations.

Another factor to consider is that the residential dwellings compete with other property owners in the area. Here, a flat rate is paid for rent and utilities by payroll deduction. Not only faculty and staff but their spouses and family, as well as a retired faculty member, live there as well. Faculty occupy the residences twelve months of the year even though no classes are offered in the summer. Were it not for the rental residences, the faculty and staff would have to buy or rent elsewhere.

■ Applying Arkansas' strict construction of tax exemption provisions, we conclude the primary use of the dwellings is for residential purposes and the incidental use is for school purposes.

Affirmed.