The Honorable Brad W. Butler Prosecuting Attorney Nineteenth Judicial District P.O. Box 536 Berryville, AR 72616
Dear Mr. Butler:
This is in response to your request for an opinion regarding the tax-exempt status of fraternal organizations. Your specific question is restated as follows:
 Are meeting places owned by fraternal organizations such as the American Legion, VFW, Masonic Lodge, Knights of Columbus, Elks, etc., exempt from taxation?
You state that the Carroll County Equalization Board recently discovered that there are a number of counties which exempt the meeting places of such organizations from property taxes, while other counties do not. You note the view that an opinion from this office would help to establish uniform treatment of these meeting places throughout the state.
It must be initially noted that this question does not lend itself to a conclusive, across-the-board determination because it necessarily involves a factual review. The question whether a particular meeting place, such as a clubhouse, hall, lodge, or similar property, of a fraternal organization is exempt from taxation has been decided in other jurisdictions on a case-by-case basis, with the inquiry focusing on the specific language of the applicable constitutional or statutory exemption, the character and purpose of the particular fraternal association, and the facts surrounding the use of the property in question. 71 Am. Jur. 2d State and Local Taxation § 384 (1973). See also
39 A.L.R.3d 640, 645 (1971). I believe this is the approach to use in our jurisdiction, where there is no express mention of fraternal societies in the applicable tax exemption provisions. Our constitution exempts from taxation "buildings and grounds and materials used exclusively for public charity." Ark. Const. art. 16, § 5(b). The relevant statutory provision exempts "[a]ll buildings belonging to institutions of purely public charity, together with the land actually occupied by these institutions, not leased or otherwise used with a view to profit. . . ." A.C.A. §26-3-301(7) (Supp. 1995).
The Arkansas Supreme Court has stated that in order to qualify for the exemption under our constitution, "an entity must show that it is a charitable organization and that the property claimed for exemption is used exclusively for charitable purposes." Sebastian County EqualizationBd. v. Western Ark. Counseling Guidance Ctr., 296 Ark. 207, 209,752 S.W.2d 755 (1988). An initial question or dispute may arise, therefore, regarding the fraternal organization's qualification as a "charitable organization." A review of the American Jurisprudence and American LawReports annotations, supra, reveals the considerable variation in the holdings on this question, depending primarily upon the applicable constitutional and statutory provisions. Under our constitution and statutes, it is the property, and not the institution, which is exempt from taxation. This may be an important distinction because it has been noted, generally, that fraternal organizations have been held not exempt as "institutions of purely public charity." See 84 C.J.S. Taxation § 295 (1954), 71 Am. Jur. 2d at 692, and 39 A.L.R.3d at 646. It has been stated, however, that to come within a provision for the exemption ofproperty used exclusively for charitable purposes, the use of the property is the determining factor. See 84 C.J.S. at 252-253. See alsogenerally Missouri Pacific Hospital Ass'n v. Pulaski County, 211 Ark. 9,12, 199 S.W.2d 329 (1947) (noting with regard to the Arkansas constitutional language "used exclusively for public charity" that this refers "not to the character of the corporation or association owning the property sought to be exempted but, regardless of the character of the owner, to the direct and exclusive use of the property for public charity.")
This is not to say, however, that the organization does not itself have to qualify as "charitable." See Sebastian County Equalization Bd.,supra. In determining the use of the property as charitable, it has been held first necessary to determine whether the association seeking exemption is charitable, not only in its aims and purposes, but also in what it actually does to carry out such purposes. 84 C.J.S. at 553. It has been stated in this regard that the organization must have charity as its primary, if not sole, object. 71 Am. Jur. 2d at 671. Although there are no Arkansas cases directly on point, cases construing our exemption language as applied to hospitals suggest that the Arkansas Supreme Court would likely embrace this view. See, e.g., Burgess, Judge v. Four StatesMem. Hosp., 250 Ark. 485, 492, 465 S.W.2d 693 (1971) (concluding that the hospital was not so oriented toward service of members of a trust association that it fell outside the exemption).
Whether a particular organization is primarily involved in charitable purposes will obviously require a case-by-case determination. If the entity is essentially a fraternal or social organization, with charity dispensed only incidentally, it is my opinion that the exemption will not apply. See, e.g., People ex rel. Nelson v. Rockford Masonic Temple Bldg.Assoc., 348 Ill. 567, 181 N.E. 428 (1932), cited in 39 A.L.R.3d at 668 and 71 Am. Jur. 2d at 671. On the other hand, an incidental social or other noncharitable purpose will not necessarily preclude exemption.See, e.g., Commonwealth ex rel. Luckett v. Grand Lodge of Kentucky,459 S.W.2d 601 (1970).
If the organization's primary aims and functions are actively charitable in nature, the inquiry must then focus on the primary and dominant use of the particular property sought to be exempted. That use will, in my opinion, be determinative. See generally City of Little Rock v. McIntosh,319 Ark. 423, 892 S.W.2d 462 (1995); Arkansas Conf. Ass'n of Seventh DayAdventist, Inc. v. Benton Co. Bd. of Equalization, 304 Ark. 95,800 S.W.2d 426 (1990). The Arkansas Supreme Court has stated:
 To determine whether property is used `exclusively' for a particular purpose, generally it is necessary to look to the primary use to which the property is put and not to secondary use. 2 T. Cooley, The Law of Taxation § 685 (4th ed. 1924). If the primary use is one allowed under the exemption, a secondary or incidental use, even if for a purpose not within the exemption, is irrelevant.
Benton Co. Bd. of Equalization, supra, 304 Ark. at 97.
Thus, with regard to your specific question involving "meeting places," the predominant view is that a lodge building of a fraternal order is not exempt if the dominant uses of the building are for the social enjoyment of the members. 71 Am. Jur. 2d at 693 and 39 A.L.R.3d at 646. But an incidental non-charitable use will not necessarily preclude exemption if the property is used primarily for furtherance of the organization's charitable purpose and activities. See, e.g., cases annotated at 39 A.L.R.3d 640, 665-667 (regarding property used by various Masonic societies for lodge purposes where noncharitable use was deemed incidental to principal objectives of the society). It should perhaps also be noted, with regard to any rental of the property, that according to the general rule property rented out to others or property held or used merely as a source of income will not be exempt, except that "a mere occasional renting out, not interfering with the primary use of the property by the lessor, does not affect the exemption." McIntosh, supra,319 Ark. at 429 (citation omitted).
It becomes apparent, when researching this question, that each case must be decided on its own particular facts or circumstances. The question must be answered in the first instance by the tax assessor, and pursued thereafter through the judicial process. It is clear under our constitution, statutes, and case law that use determines the exemption, and that the right to exemption depends upon the concurrence of ownership and use of the property for charitable purposes. The taxpayer has the burden of establishing entitlement to an exemption "beyond a reasonable doubt." Ragland v. Dumas, 292 Ark. 515, 732 S.W.2d 118 (1987). And a strong presumption operates in favor of the taxing power. Ragland v.General Tire Rubber Co., 297 Ark. 394, 763 S.W.2d 70 (1989).
I do not know what accounts for the different treatment in the counties, but factual variations presumably contribute to the lack of uniformity. Uniform treatment, although understandably desirable, is probably not possible. The foregoing will, however, hopefully offer general guidance in addressing the matter.
It should perhaps be noted, finally, as you may be aware, that a previous administration of this office, citing to a February 19, 1985 memorandum issued by the Assessment Coordination Division of the Arkansas Public Service Commission, opined that the American Legion and VFW do not qualify for the tax exemption because those organizations "tend to be geared toward service to their members" rather than to the public as a whole through charitable works. Op. Att'y Gen. 86-291 at 3. I can neither confirm nor deny that conclusion because I lack the necessary information for such a determination. As stated above, however, it may be concluded that the exemption will not apply if the organization's primary aims and functions are not actively charitable in nature.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh