The Honorable Jack Critcher State Representative P.O. Box 79 Grubbs, AR 72431-0079
Dear Representative Critcher:
This is in response to your opinion request wherein you posed the following question:
 If a college or university owns farmland and it is leased to a private individual and those individuals use the land for profit, does this land qualify for exemption from ad valorem taxes or does the land fall within taxable status?
 It must be initially noted that the authority to approve or disapprove a particular tax exemption has not been vested in this office. The question of whether certain property is tax exempt is a factual question to be answered in the first instance by the assessor, and pursued thereafter through the judicial process. The assessor must decide on a case by case basis, following a review of all pertinent facts, whether the property in question is tax exempt. Information sufficient to allow the assessor to make this factual determination should therefore be forwarded to the assessor's office. All of the surrounding facts and circumstances must be examined in order to identify the nature, extent and usage of the property in question. See generally, Hilger v. Harding College, 231 Ark. 686, 689, 331 S.W.2d 851
(1960).
While I cannot undertake this factual review, a recitation of the essential legal principles in this area may prove helpful in addressing your specific question as to the taxable status of this property.
Under Arkansas law, college or university land leased to a private individual and used for profit is generally not exempt from ad valorem taxes.
The Arkansas Supreme Court has consistently held that taxation is the rule rather than the exception, and exemptions from taxation must be strictly construed in favor of taxation. City of Fayetteville v.Phillips, 306 Ark. 87, 811 S.W.2d 308 (1991), citing Hilger v. HardingCollege, 231 Ark. 686, 331 S.W.2d 851 (1960); Off-Street ParkingDevelopment Dist. No. 1 v. City of Fayetteville, 284 Ark. 453,683 S.W.2d 229 (1985).
You imply that the land in question is not used exclusively for a public purpose and is not used for school purposes, but state that the land is used by private individuals for profit. Assuming this is in fact the case, and applying Arkansas' strict construction of tax exemption provisions, in my opinion the land in all likelihood would not qualify for tax exemption.
The relevant provision of the Arkansas Constitution is Arkansas Constitution, art. 16 § 5. It states:
 The following property shall be exempt from taxation: public property used exclusively for public purposes churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
An initial question may arise as to whether the applicable exemption is that for "public property used exclusively for public purposes," or for "school buildings" and "grounds used exclusively for school purposes."
The Arkansas Supreme Court, in Hilger v. Harding College, however, interpreted art. 16 § 5(b) as applying, with force, the rules and principles of one category of the section to other categories. Hilger v.Harding, supra. Thus, in relation to your question of college or university property, the court held that "the conclusion is inescapable that any school must operate its institution, and use its property, directly and exclusively for school purposes and with no view to profit, before the school, or its property, is entitled to an exemption."Sebastian County v. Educare Centers, 296 Ark. 538, 540, 758 S.W.2d 413
(1988). Also, the court in Arkansas Conf. Ass'n of Seventh DayAdventist, Inc. v. Benton Co. Bd. of Equalization, stated that "Arkansas limits its exemption to property `exclusively' used for school purposes," where exclusivity is determined by looking to the "primary use to which property is put." Arkansas Conference Ass'n, 304 Ark. 95, 97,800 S.W.2d 426 (1990).
For additional information on the tax exempt status afforded properties owned by Arkansas Universities, please find enclosed a copy of Op. Att'y Gen. 83-149, written to the Honorable W.A. "Dub" Arnold. Of particular importance to you is the segment of the Op. Att'y Gen. 83-149 that states:
 No doubt there are as many ways to approach this issue as there are views on how it should be decided. However, perhaps the most logical one is to ask whether or not the properties held by the University are essential to the operation of the school. Initially, it should be stated that the mere fact that revenues derived from property owned by the school are devoted to university purposes will not qualify the property for exemption from taxation. See Brodie v. Fitzgerald, 57 Ark. 445, 22 S.W. 29 (1893). Rather, it is the use to which the property is actually put that is of paramount significance. Furthermore, it is important to note that all school property is not exempt from taxation, but only that property which is used exclusively for school purposes.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB/ECW/LS:cyh