The Honorable Becky Lynn State Representative P.O. Box 450 Heber Springs, Arkansas 72543
Dear Representative Lynn:
This official Attorney General opinion is rendered in response to a question you have raised concerning exemptions from ad valorem taxes. You have asked:
 Does the county board of equalization have the power to grant a tax exemption for ad valorem taxes for property owned by a private non-profit association such as a county arts council?
It is my opinion, as explained more fully below, that the county board of equalization has the power to determine that property is exempt from taxation, but that the board's determination is subject to appeal. It is my opinion further that whether the property in question is, in fact, exempt from ad valorem taxation will depend primarily upon the manner in which the property is used.
The Board's Authority to Grant an Exemption
The initial determination of whether property is exempt from taxation is made by the assessor. See A.C.A. § 26-26-1001. This determination is a factual one that must be made upon the basis of an examination of all of the surrounding facts and circumstances for the purpose of determining the nature, extent, and usage of the property in question. See generallyHilger v. Harding College, 231 Ark. 686, 689, 331 S.W.2d 851 (1960). After the assessor has made the determination regarding exemption, the county board of equalization is empowered to reverse that determination upon petition of the aggrieved property owner. See A.C.A. § 26-27-317. It is at this point that the board can "grant" an exemption, or (more accurately) determine that property is exempt from taxation. The board's decision, however, is subject to appeal. Either the taxpayer or the assessor can appeal the board's decision to the county court, and on up through the judicial system. See A.C.A. § 26-27-318.
The Availability of the Exemption
Exemptions from ad valorem taxes are established and governed by Article16, § 5 of the Arkansas Constitution. That provision states in pertinent part:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
ARK. CONST., art. 16, § 5(b). The legislature "defined" the exemptions listed in the above-quoted constitutional provision in A.C.A. §26-3-301. See City of Springdale v. Duncan, 240 Ark. 716, 401 S.W.2d 747
(1966) (stating that the statute was intended to define the types of property that is exempt under Article 16, § 5).
The language of Article 16, § 5, quoted above, indicates that the availability of an exemption depends largely upon the nature of the property itself and its use. You have not indicated the nature of the property about which you have inquired or the manner in which that property is used. I therefore cannot opine definitively in response to your question. Nevertheless, it is my opinion that property owned by a private non-profit arts council could only have the possibility of qualifying for an exemption from ad valorem taxation under the "public charity" clause. (It is conceivable that the property could qualify for an exemption under the "school" clause if the arts council operates a school and the property in question is used exclusively for school purposes. If the council does not operate a school, or if the property in question is not used exclusively for school purposes, the "school" exemption is not available to the council. See Ark. Conf. Ass'n ofSeventh Day Adventists v. Benton County Bd. of Equalization,304 Ark. 95, 800 S.W.2d 426 (1990).) The art council's property could not qualify for the "public property" exemption, because it is owned by a private association. Presumably, the property also would not qualify for an exemption as a cemetery or a church.
1. The "Charitable Organization" Requirement
With regard to the "public charity" exemption, it should be noted initially that under the Arkansas Supreme Court's current interpretation of Article 16, § 5, property must be owned by a "charitable organization" in order to qualify for the "public charity" exemption. Although the language of Article 16, § 5 does not state such a requirement, the Arkansas Supreme Court, in Sebastian County Equalization Board v. WesternArkansas Counseling Guidance Center, Inc., 296 Ark. 207,752 S.W.2d 755 (1988), stated: "In order to qualify for the exemption under the constitution, an entity must show that it is a charitable organization and that the property claimed for exemption is used exclusively for charitable purposes." 296 Ark. 209. See also Sebastian County v. EducareCenters, 296 Ark. 538, 758 S.W.2d 413 (1988) (schools must be non-profit organizations to qualify for tax exemption). Following the holding ofSebastian County Equalization Board v. Western Arkansas Counseling Guidance Center, this office has likewise opined that an organization must be "charitable" in order for any of its property to be exempt from ad valorem taxes. See Op. Att'y Gen. No. 96-172.
Although the Arkansas courts have not defined the phrase "charitable organization," I have previously opined that a charitable organization is one which has charity as its primary, if not sole, purpose. Op. Att'y Gen. No. 96-172. I also opined that the Arkansas Supreme Court would likely adopt the same interpretation of the phrase. Id. The determination of whether an organization is a charitable one is a determination of fact that must be made on a case-by-case basis. Id. For this reason, I am unable to opine definitively as to whether county arts councils, generally, would constitute "charitable organizations." In any event, it appears that an entity's proof of its use of property for charitable purposes weighs in favor of a finding that it is a charitable organization. See, e.g., Sebastian County Equalization Board v. WesternArkansas Counseling Guidance Center, Inc., 296 Ark. 207,752 S.W.2d 755 (1988). If, in fact, a particular arts council is found to constitute a "charitable organization," the provisions of A.C.A. §26-3-301(7) may be applicable to provide an exemption for the council, given the Arkansas Supreme Court's holding inSebastian County Equalization Board v. Western Arkansas Counseling Guidance Center, Inc., supra. That statutory section states:
26-3-301. Property exempt from taxes generally.
 All property described in this section, to the extent limited, shall be exempt from taxation:
* * *
 (7) All buildings belonging to institutions of purely public charity, together with the land actually occupied by these institutions, not leased or otherwise used with a view to profit, and all moneys and credits appropriated solely to sustaining, and belonging exclusively to, these institutions;
A.C.A. § 26-3-301(7). It should be noted, however, that to the extent that this statutory provision grants an exemption without regard to the use of the property, it could be considered to be constitutionally suspect, in light of Article 16, § 6 of the Arkansas Constitution, which states: "All laws exempting property from taxation other than as provided in this Constitution shall be void." Ark. Const., art. 16, § 6. See alsoMissouri Pac. Hospital Assoc. v. Pulaski County, 211 Ark. 9,199 S.W.2d 329 (1947) (stating that "the right of exemption must be found in the Constitution rather than in the statute, since Art. XVI, 6 so provides.") 211 Ark. at 11.
2. The Charitable Use Requirement
Any entity claiming a tax exemption must also show that the property for which it claims the exemption is used exclusively for charitable purposes.
Although the Arkansas Supreme Court has not defined the phrase "direct and exclusive use of the property for public charity" for purposes of all situations, the court has set forth some parameters that may serve as helpful guidelines in determining whether a particular use of property constitutes a charitable purpose or not.
In Burgess v. Four States Mem. Hosp., 250 Ark. 485, 465 S.W.2d 693
(1971), the court addressed the meaning of "public charity" as applied to a hospital's use of its property, stating:
 It has been held that a benevolent and charitable organization's property used as a hospital may be constitutionally exempt from taxation if it is open to the general public, if no one may be refused services on account of inability to pay and if all profits from paying patients go toward maintaining the hospital and extending and enlarging its charity.
Burgess, 250 Ark. at 491, citing Hot Springs School Dist. v. Sisters ofMercy, 84 Ark. 497, 106 S.W. 954. Accord, Missouri Pac. Hospital Assoc.v. Pulaski County, 211 Ark. 9, 199 S.W.2d 329 (1947).
Although the above-cited authorities all involved the use of hospital property, it is my opinion that the quoted description of a charitable use of property can well be applied generally to determine whether other (non-hospital) property is being used for charitable purposes.
I would therefore advise that you analyze the use of the arts council property about which you have inquired under this general guideline to determine whether it qualifies for a tax exemption under the "public charity" clause of Article 16, § 5(b) of the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh