The Honorable Tom Courtway State Representative P.O. Box 56 Conway, Arkansas 72033-0056
Dear Representative Courtway:
This is in response to your request, on behalf of the Faulkner County Tax Assessor, for an opinion on three questions regarding the taxable status of property owned by colleges and universities. Your questions are as follows:
 1. Is real property owned by a college or university which is a 501(c)(3) entity and not a publicly supported institution exempt from ad valorem taxation in Arkansas?
 2. Is real property owned by a 501(c)(3) college or university which is not publicly supported exempt from ad valorem taxation in Arkansas only if it is used for the college's educational purposes? In other words, if it is rented to a third party, is it taxable?
 3. Is real property owned by a publicly supported institution of higher education always exempt from ad valorem taxation, regardless of its use?
RESPONSE
It is my opinion that the answer to your first question depends upon the use of the particular property. The property of such private collegescan be exempt from taxation if used exclusively for school purposes. In my opinion the answer to the first part of your second question is generally "yes," although reference to the facts regarding the actual use of the property will always be necessary. To be exempt from taxation, the particular property must be exclusively used for school purposes. In response to the second part of your second question, therefore, the answer in many cases will be "yes." It is my opinion that the answer to your third question is "no."
Question 1 — Is real property owned by a college or university which is a501(c)(3) entity and not a publicly supported institution exempt from advalorem taxation in Arkansas ?
It must be noted initially that the authority to approve or disapprove a particular tax exemption has not been vested in this office. The question of whether certain property is tax-exempt is a factual question to be answered in the first instance by the assessor, and pursued thereafter through the judicial process. The assessor must decide on a case-by-case basis, following a review of all pertinent facts, whether the property in question is tax-exempt. Information sufficient to allow the assessor to make this factual determination should therefore be forwarded to the assessor's office. All of the surrounding facts and circumstances must be examined in order to identity the nature, extent and usage of the property in question. See generally, Hilger v. Harding College,231 Ark. 686, 689, 331 S.W.2d 851 (1960).
With that said, it is my opinion that the answer to your first question will depend upon the use made of the property in question. Property of private 501(c)(3) colleges and universities can be exempt from property taxation, but only if the property is used "exclusively" for school purposes.
Article 16, § 5 of the Arkansas Constitution provides in pertinent part as follows:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
Article 16, § 6 of the Arkansas Constitution provides that:
 All laws exempting property from taxation other than as provided in this Constitution shall be void.
The exemption for school property found in Arkansas Constitution, art. 16, § 5 has been extended to private nonprofit school property. SeePhillips County v. Sister Estelle, 42 Ark. 536 (1884), cited with approval in Sebastian County v. Educare Centers, 296 Ark. 538,758 S.W.2d 413 (1988). The exemption can include property held by private nonprofit colleges and universities. See Hilger v. Harding College,231 Ark. 686, 331 S.W.2d 851 (1960). Despite this fact, however, the status of the entity owning the property is not the determining factor in the property's taxable status. Op. Att'y Gen. 97-104. This is not to say, however, that the institution itself does not have to be a nonprofit. For-profit entities are not entitled to exemption. See Sebastian Countyv. Educare Centers, supra. Under our constitution, however, it is the property and not the institution, which is exempt from taxation. See Op. Att'y Gen. 96-172 and Missouri Pacific Hospital Ass'n v. Pulaski County,211 Ark. 9, 12, 100 S.W.2d 329 (1947). The most pertinent question with regard to a property's taxable status is the use to which the property is put. As stated by the Arkansas Supreme Court in Arkansas Conference ofSeventh Day Adventists v. Benton County, 304 Ark. 95, 800 S.W.2d 426
(1990):
 Arkansas limits its exemption to property `exclusively' used for school purposes. In determining the meaning of the word `exclusively,' it is first proper to decide whether the provision is to be strictly or liberally construed with respect to the exemption. [Citation omitted.] In Arkansas the rule of strict construction applies to tax exemptions, therefore, the term `exclusively' is to be narrowly construed. Hilger v. Harding College, 231 Ark. 686, 331 S.W.2d 851 (1960). To determine whether property is used `exclusively' for a particular purpose, generally it is necessary to look to the primary use to which the property is put and not to secondary use. [Citation omitted.] If the primary use is one allowed under the exemption, a secondary or incidental use, even if for a purpose not within the exemption, is irrelevant.
Id. at 97.
In response to your first question, therefore, in my opinion such property can be exempt from ad valorem taxation, but only if used exclusively for school purposes.
Question 2 — Is real property owned by a 501(c)(3) college or universitywhich is not publicly supported exempt from ad valorem taxation inArkansas only if it is used for the college's educational purposes? Inother words, if it is rented to a third party, is it taxable?
It is my opinion, consistent with the discussion above, that the answer to the first part of this question is "yes." In response to the second part of this question, if private nonprofit college property is rented to a third party and not used exclusively for educational purposes, in my opinion the property will in all likelihood be taxable. See SchoolDistrict of Fort Smith v. Howe, 62 Ark. 481, 37 S.W. 717 (1896) (property held by a school district solely for sale or rent taxable); ArkansasConference of Seventh Day Adventists v. Benton County, 304 Ark. 95,800 S.W.2d 426 (1990) (faculty residences were primarily used for residential and not school purposes, and were therefore taxable); Op. Att'y Gen. 88-012 (staff housing of Newark School District taxable).
Question 3 — Is real property owned by a publicly supported institutionof higher education always exempt from ad valorem taxation, regardless ofits use?
It is my opinion that the answer to this question is "no."
Your third question involves publicly supported institutions of higher education, as opposed to the private nonprofit institutions discussed above. It is my opinion, nonetheless, that the same test set out above regarding "exclusive use" is applicable to public institutions. The question you raise regarding the property of public colleges and universities was discussed at length in Ops. Att'y Gen. 97-315 and 97-221, issued by my predecessor. I have enclosed those opinions for your review. The latter opinion (97-221) concluded that farmland owned by a public college or university but leased to a private individual who used the land for profit is generally taxable. Opinion 97-315 addressed a follow-up question to Opinion 97-221. In Opinion 97-315, a question was raised concerning the applicability and effect of an Arkansas statute regulating tax exemptions. That statute is A.C.A. § 26-3-301 and it is also discussed by the Faulkner County Assessor in his letter to you seeking my opinion.
Section § 26-3-301 (Repl. 1997), extrapolates on the exemptions listed in article 16, § 5 of the Constitution. This statute provides in pertinent part as follows:
 All property described in this section, to the extent limited, shall be exempt from taxation:
 1) All public schoolhouses and houses used exclusively for public worship and the grounds attached to these buildings necessary for the proper occupancy, use, and enjoyment of the buildings, not leased or otherwise used with a view to a profit;
* * *
 (2) All public institutions of higher learning and all buildings and grounds belonging to those institutions;
* * *
 (4) All property, whether real or personal, belonging exclusively to this state, including property of state agencies, institutions, boards, or commissions, or the United States.
Subsections (2) and (4) above appear to exempt all property held by public colleges and universities from taxation irrespective of the use made of the property. As noted in Opinion 97-315, however:
 The Arkansas Supreme Court has said on several occasions that notwithstanding the provisions of an applicable statute, the right of exemption must be found in the constitution, since art. 16, § 6 so provides. See Missouri Pacific Hospital Association v. Pulaski County, 211 Ark. 9, 199 S.W.2d 329 (1947); School District of Fort Smith v. Howe, supra; Brodie v. Fitzgerald, 57 Ark. 445, 22 S.W. 29 (1893), and Ex Parte Gaines, 56 Ark. 212, 19 S.W. 602 (1892). It was not necessary to cite A.C.A. § 26-3-301(2) and (4) in Opinion 97-221 because that statute cannot be constitutionally construed as exempting anything which is not already exempted by the language of the constitution. The constitution requires exclusive public use. In my opinion, a court would read A.C.A. § 26-3-301(2) and (4) in light of the pertinent constitutional provisions, and interpret the statute as also requiring an exclusive public use. Cf. City of Little Rock v. McIntosh, supra
(holding that a relevant statute exempting airport property from taxation" must be read in light of the constitution, and that means that an airport authority will be exempt from paying ad valorem taxes when the land is used solely for public purposes"). Id. at 428. To the extent A.C.A. § 26-3-301(2) and (4) authorize the exemption of University property when it is not used exclusively for public purposes, it is unconstitutional and "void." See Arkansas Constitution, art. 16, § 6.
I agree with the conclusions reached in Opinion 97-315 above. It is therefore my opinion that the answer to your third question is "no."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh