Cite as 2019 Ark. App. 520

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-72

| | |
|---|---|
| SILVER SPRINGS PROPERTY OWNERS' RECREATIONAL IMPROVEMENT DISTRICT NO. 30 OF HASKELL, ARKANSAS | **Opinion Delivered** November 6, 2019 |
| APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-16-932] |
| V. | HONORABLE GRISHAM PHILLIPS, JUDGE |
| JEFF AREY, SALINE COUNTY JUDGE; BOB RAMSEY, SALINE COUNTY ASSESSOR; JOY BALLARD, SALINE COUNTY COLLECTOR; SALINE COUNTY QUORUM COURT; SALINE COUNTY BOARD OF EQUALIZATION; AND SALINE COUNTY, ARKANSAS | AFFIRMED |
| APPELLEES | |

## LARRY D. VAUGHT, Judge

Silver Springs Property Owners' Recreational Improvement District No. 30 of Haskell,

Arkansas ("Silver Springs" or "the District"), appeals the Saline County Circuit Court's denial

of its request for a public-use/public-ownership exemption to ad valorem taxation. We affirm.

Silver Springs is a statutorily created, quasi-governmental entity that exists in Haskell,

Arkansas. It encompasses a residential neighborhood and 156 acres of recreational facilities,

which include a golf course, tennis courts, a swimming pool, and two buildings. Silver Springs

purchased the recreational facilities in 2011 from Doug Loftin, who originally created the improvement district and developed the neighborhood.

The golf course, the swimming pool, and all other facilities on the property are open to the public and have been since before they were purchased by the improvement district. There are fees for the use of these facilities. There are also assessments against the properties in the neighborhood. The assessment is $540 per year for each lot. The daily fee for playing golf at the course for the general public is $25. The daily fee for use of the pool is $5. A membership to the facility can be purchased for $99 per month for nonresidents and $59 per month for residents who pay a $540 per-year assessment to the District. Those residents are given a credit of $40 per month toward their membership to the recreational facility, bringing their monthly payment down from $99 per month to $59.

Portions of the clubhouse are leased to a third-party vendor that provides restaurant services, manages the bar, and occasionally operates the cash register in order to take payment from golfers. The third-party vendor operates the restaurant for profit.

Since the purchase of the recreational facilities by the District, ad valorem taxes have not been paid to Saline County. Doug Loftin made the District commissioners aware of this in 2015, and the District commissioners then filed a request to be declared exempt from ad valorem taxation as a result of the public-ownership/public-use exemption.

The Saline County Judge denied the District's request for exempt status, and the matter was appealed to the Saline County Circuit Court. The circuit court likewise denied the exemption on October 29, 2018, and this appeal followed.

The party seeking a tax exemption has the burden of proving its claim for tax-exempt status beyond a reasonable doubt.[1] *Pledger v. Baldor Int'l*, 309 Ark. 30, 827 S.W.2d 646 (1992). Tax exemptions are strictly construed against the exemption and "to doubt is to deny the exemption." *Id.* at 33, 827 S.W.2d at 648. The court in *Arkansas Conference Ass'n of Seventh Day Adventist, Inc. v. Benton County Board of Equalization*, 304 Ark. 95, 800 S.W.2d 426 (1990), stated that

> [i]n Arkansas the rule of strict construction applies to tax exemptions, therefore the term "exclusively" is to be narrowly construed. *Hilger v. Harding College*, 231 Ark. 686, 331 S.W.2d 851 (1960). Moreover, "[t]o determine whether property is used 'exclusively' for a particular purpose, generally it is necessary to look to the primary use to which the property is put and not to the secondary use." 2 T. Cooley, The Law of Taxation § 685 (4th ed. 1924).

304 Ark. at 97, 800 S.W.2d at 427. On appeal, we review such cases de novo and will not reverse absent a finding that the circuit court's finding was clearly erroneous. *Id.*

Under article 16, section 5 of the Arkansas Constitution, public property used exclusively for public purposes shall be exempt from taxation. Arkansas Code Annotated section 26-3-301(10) (Repl. 2012) states that: "[p]ublic property which may be reserved for use by any person or organization, with or without fee for such use, and is being used exclusively for public purposes, regardless of whether the event for which the property is reserved is open for attendance or participation by the general public" shall be exempt from taxation. It is not enough that public property may be reserved by anyone with or without fee; it still must be used *exclusively* for public purposes. Ark. Code Ann. § 26-3-301(10).

---

[1]While there is some question as to whether the beyond-a-reasonable-doubt standard applies to the case at bar, no one raised this issue below or challenged the application of that burden of proof on appeal.

There is no dispute in this case that the property in question is owned by a statutorily created improvement district and that the District is considered a quasi-governmental entity. Moreover, no one disagrees that recreational-use facilities can qualify for tax-exempt status. The only issue in the current appeal is whether the circuit court erred in finding that Silver Springs did not prove beyond a reasonable doubt that its recreational-use facilities were used exclusively for public purposes.

The circuit court based its finding on three key facts. First, the petition documents used in establishing the creation of the improvement district state that the District was formed "to serve the inhabitants of the district" and "[t]o contract for the right of the district's property owners . . . ." The appellees acknowledge that the intent for which the District was originally formed and the ways in which the property was subsequently used are not necessarily the same, but they note that the court did not err in considering that intent—as demonstrated in the petition documents—as part of its analysis.

The court also considered the fact that persons outside the improvement district pay $99 per month for a membership in the golf course while property owners within the district pay $59 per month for a membership. Residents of the subdivision within the district pay the district the sum of $540 annually, or $45 per month, which is used to reduce the bonded indebtedness of the District. This fee is paid by all residents, regardless of whether they use the recreational facilities, and it is explicitly for the purpose of paying off the District's bonded indebtedness. We find no error in the court's interpretation that these annual fees are separate from what residents and nonresidents pay to use Silver Springs' recreational facilities. A "public purpose" contemplates that the use must be common to all and not to a particular

group. *Holiday Island Suburban Improvement Dist. No. 1 v. Williams*, 295 Ark. 442, 445, 749 S.W.2d 314, 316 (1988). These facts support the conclusion that Silver Springs, while open to everyone, provides preferential access to the residents of the subdivision located within the improvement district because residents pay a lower monthly fee.

Third, the court found that portions of the clubhouse are leased out to a third-party vendor who provides restaurant services, manages the bar, and occasionally operates the cash register, and that the third-party vendor operates with a view toward profit. In *Pulaski County v. Carriage Creek Property Owners Improvement District No. 639*, 319 Ark. 12, 888 S.W.2d 652 (1994), the Arkansas Supreme Court stated that

> [t]here is a material difference between the use of the property exclusively for public purposes and renting it out and then applying the proceeds arising therefrom to the public use. The property under our Constitution must be actually occupied or made use of for a public purpose and our court has recognized the difference between the actual use of the property and the use of the income.

319 Ark. at 14, 888 S.W.2d at 654 (quoting *Robinson v. Indiana & Ark. Lumber & Mfg. Co.*, 128 Ark. 550, 194 S.W. 870 (1917)). Citing *School District of Fort Smith v. Howe*, 62 Ark. 481, 37 S.W. 717 (1896), the court in *City of Little Rock v. McIntosh*, 319 Ark. 423, 430, 892 S.W.2d 462, 467 (1995) further stated that "[i]t has long been our law that when public land is leased or rented out for private uses, ad valorem tax is imposed, even if the profits go back into the public treasury" and the court said "to state that the businesses are privately run for profit is 'incidental' would 'result in whittling away at the intent of the Constitution.'" (quoting *Hilger v. Harding Coll.*, 231 Ark. 686, 696, 331 S.W.2d 851, 857 (1960)).

Given prior case law and the burden of proof to which the parties have acquiesced in this case, we see no reversible error in the court's finding that the district was not operated exclusively for public purposes.

Affirmed.

GRUBER, C.J., and WHITEAKER, J., agree.

*Baxter Law Firm*, by: *Bobby McCallister*, for appellant.

*Clay Ford*, for appellees.